### WILLIAM GRIMSHAW *vs.* CITY OF FALL RIVER.

Bristol.     October 23, 1893. — February 27, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Laying out of Way by City — Form of Remedy for Damages.*

The remedy given by St. 1885, c. 269, § 19, the charter of the city of Fall River, providing that any person dissatisfied with the decision of the city council of that city in the estimate of damages caused by the laying out of a way "may, within one year from the time of such decision, make complaint to the county commissioners," is not exclusive, and does not preclude an application for a jury to the Superior Court under the provisions of Pub. Sts. c. 49, § 105.

LATHROP, J. This is a petition to the Superior Court for a jury to assess the damages occasioned to the petitioner's land by the laying out of Beacon Street in Fall River. The petition is in the nature of an appeal from a finding by the city council that the petitioner had suffered no damage. At the trial, the respondent moved that the petition be dismissed on the ground that, under the Pub. Sts. c. 49, § 91, and the charter of the respondent, (St. 1885, c. 269, § 19,) the Superior Court had not

jurisdiction, and the petition should be to 'the county commissioners. This motion was overruled, the jury returned a verdict for the petitioner, and the respondent appealed to this court.

Section 19 of the respondent's charter gives the mayor and aldermen, with the concurrent vote of the common council, " exclusive power to lay out, alter, or discontinue any street or town way, and to estimate the damages any individual may sustain thereby." The section then proceeds as follows: " And any person dissatisfied with the decision of the city council in the estimate of damages may, within one year from the time of such decision, make complaint to the county commissioners of the county of Bristol; whereupon the same proceedings shall be had as are now by law provided in cases where persons are aggrieved by the assessment of damages, by the selectmen of towns." This, in substance, follows the language of the first charter of the respondent. St. 1854, c. 257, § 14. It differs from it, however, in this respect. The St. of 1854, after the word " selectmen," adds " in the twenty-fourth chapter of the Revised Statutes."

Before the St. of 1873, c. 261, § 1, the only remedy of a person aggrieved by the action of the selectmen of towns in the laying out of a town way, or in the sum awarded him as indemnity, was by application to the commissioners for a sheriff's jury, unless the parties could agree to have the matter determined by a committee appointed under the direction of the commissioners. Rev. Sts. c. 24, § 68. Gen. Sts. c. 43, § 73.

The St. of 1873, c. 261, made a radical change in the law, and allowed a trial by jury at the bar of the Superior Court " in all cases in which it is provided by law that a sheriff's jury may be had for any purpose." This was amended by the St. of 1881, c. 122, but only as to the matter of costs; and the two statutes now constitute § 105 of the Pub. Sts. c. 49. By § 79 of this chapter a person aggrieved by the assessment of his damages in the case of a town way has the right of appeal either to the county commissioners or to the Superior Court.

It seems plain, then, that the respondent's motion to dismiss was properly denied, unless there is something else in the statutes bearing upon the subject.

The respondent contends that this is found in § 91 of the

Pub. Sts. c. 49. This section is as follows : " The provisions of the preceding sections, so far as applicable, shall apply to the several cities and towns, except as may be otherwise provided by city charters, and acts in amendment thereof."

It may be that, if the charter of the respondent had given a right of appeal from the decision of the city council only to the county commissioners, the respondent's contention would be correct. But the language of the statute before us is not exclusive. It says merely, that the person dissatisfied with the decision of the city council in the estimate of damages " may, within one year from the time of such decision, make complaint to the county commissioners." If the statute had said nothing about the assessment of damages, the implication would be that the petitioner would be entitled to have his damages assessed under the general laws. See *Hamlin* v. *New Bedford*, 143 Mass. 192. It does not seem to us to be reasonable, under the circumstances of this case, to hold that the fact that the statute points out one remedy which a person may avail himself of, and which he would have had if nothing had been said, should prevent him from availing himself of another remedy given by the general laws.

The case of *Riley* v. *Lowell*, 117 Mass. 76, relied upon by the respondent, arose under the St. of 1869, c. 351, an act for supplying the city of Lowell with water. Section 7 provided that persons damaged " shall have the same remedies as are provided " in the Gen. Sts. c. 43. As this chapter provided for an assessment of damages in the first instance by the county commissioners, it was held that, until such assessment was had, a petition to the Superior Court under the St. of 1873, c. 261, would not lie.

The question in *Patch* v. *Boston*, 146 Mass. 52, also relied upon by the respondent, was whether the court-house commissioners under the St. of 1885, c. 377, could estimate in the first instance damages sustained by the taking of land under the act, or whether the damages must be estimated by the street commissioners of the city of Boston, under the Pub. Sts. c. 49, § 84. The case has no bearing on the one at bar.

*Appeal dismissed.*

*G. Grime*, for the respondent.
*N. Hatheway, Jr.*, for the petitioner.