LOUIS CURTIS v. GULF, COLORADO & SANTA FE RAILWAY COMPANY.

Decided May 29, 1901.

**1.—Constitution—City Ordinance—Suspending State Laws.**

The Legislature alone can suspend State laws (Constitution, article 1, section 28) and such power can not be delegated to a municipal corporation.

**2.—Same—Railways—Signals—Ordinance.**

An ordinance of the city of Dallas prohibiting the blowing of steam whistles of locomotive engines was unconstitutional, though the city charter gave it the power to regulate trains, being in conflict with article 4507, Revised Statutes, requiring whistle signals for crossings, and thus prohibited by article 1, section 28, of the Constitution.

**3.—Railways—Crossings—Signals.**

Article 4507, Revised Statutes, requires that a locomotive whistle be blown on starting a train towards a crossing, though the train when started was less than eighty rods from the street.

Error to Dallas.   Tried below before Hon. W. J. J. Smith.

*Saner & Saner,* for plaintiff in error.

*J. W. Terry* and *Wm. H. Clark,* for defendant in error.

COLLARD, ASSOCIATE JUSTICE.—This is an action by plaintiff in error for damages for injuries alleged to have been inflicted by defendant in error in the city of Dallas by being struck by defendant in error's freight train, on the night of the 10th of January, 1899, while he was crossing the track at a street crossing in a wagon or buggy, during a rain, on a dark night.

We find no error in the action of the lower court except in the refusal to instruct the jury that it was the duty of defendant to blow the whistle as required by the statute. Rev. Stats., art. 4507. It is true the ordinances of the city prohibited the blowing of a steam whistle of a locomotive in the city limits, but the city had no power to suspend the statute in that particular. The Constitution, article 1, section 28, declares that no power to suspend the laws of the State shall be exercised, except by the Legislature, and this power can not be delegated to a municipal corporation. Burton v. Dupree, 19 Texas Civ. App., 276, 277.

We are therefore compelled to hold that the ordinance of the city of Dallas prohibiting the blowing of a steam whistle in Dallas by a railway locomotive is unconstitutional. To give the ordinance effect would be to annul the statute. It is true that it does not appear that the train started to back towards the crossing where plaintiff was hurt within eighty rods of the same; but we construe the statute to mean that the steam whistle of a locomotive shall be blown at least once on starting to move within the distance of eighty rods from a street crossing in switching between crossings. Any other construction would, in numerous cases, render the statute inoperative. The whistle must be blown at least once on starting the train within eighty rods from a street crossing.

We find no other error in the rulings of the court, but because of the error pointed out, the judgment of the lower court is reversed.

*Reversed and remanded.*