## Ex Parte T. W. Hughes.

### No. 3547.   Decided February 6, 1907.

**1.—Habeas Corpus—City Charter and Ordinances—Constitutional Law—Delegation of Legislative Power—Scalper's Tickets.**

Where upon habeas corpus, the record showed that the charter of the City of San Antonio authorized an ordinance restricting the sale of railroad tickets, and prohibiting the issuance or sale thereof by any other than duly authorized agents of said company in said city, under which relator was arrested for a violation thereof, and claimed his discharge because said ordinance was violative of section 1, article 3, and section 2, article 10, of the State Constitution, in delegating legislative power to said city to regulate railway traffic, etc. Held, that in the absence of a State law regulating the sale of railroad tickets by scalpers, the Legislature had constitutional power to authorize said city to make penal the sale of such tickets by other than the agent of such railroad, and an ordinance under such authority is held valid. Distinguishing Jannin v. State, 42 .Texas Crim. Rep., 641.

**2.—Same—Absolute Forfeiture—Question not Decided.**

The question as to whether such ticket can be absolutely forfeited if the party purchasing it does not see fit to use it, is not presented or decided in this case.

**3.—Same—Due Process of Law—Police Power.**

Where upon habeas corpus it was shown that the City of San Antonio, under special legislative authority in its charter, had passed an ordinance prohibiting the issuance and sale of certain railroad tickets within its limits. Held, that in the absence of a State law on this subject, the relator, who was arrested for a violation of said ordinance, was not denied due process of law, etc., by the granting of special privileges to said railroads; and that the grant of authority to the city is within the police power of the Legislature. Davidson, Presiding Judge, dissenting.

From Bexar County.

Original application for habeas corpus for release and discharge from arrest, for a violation of a city ordinance prohibiting the issuance and sale of scalper's tickets.

The opinion states the case.

*Ogden & Brooks, W. H. Lipscomb,* for relator.—Curtis v. Ry. Co., 63 S. W. Rep., 149; Arroyo v. State, 69 S. W. Rep., 504; People v. Warden, 51 N. E. Rep., 1006; Yick Wo v. Hopkins, 118 U. S. 356; Jannin v. State, 51 S. W. Rep., 1126; Martin v. Ry. Co., 19 S. W. Rep., 315; Ry. v. Ing., 68 S. W. Rep., 722; Burdick v. People, 36 N. E. Rep., 949; In re Jacobs, 98 N. Y., 106; Hirshfield v. Dallas, 15 S. W. Rep., 125; Peo. v. Caldwell, 168 N. Y., 671; Clark v. Finley, 93 Texas, 180.

*J. E. Yantis,* Assistant Attorney-General; *Baker, Botts, Parker & Garwood, Newton & Ward, Watkins & Jones, J. E. Webb,* City Attorney, for respondent.—Cooley, Con. Lim. (5th ed.), pages 228 and 229, 241, 734, 745; Black on Const. Law, page 339; Dillon on Mun. Corp., sections 21, 48; Tiedeman Lim. Police Powers, pages 683, 639; Com. v.

Wilson, 14 Phila., 384; Fry v. State, 63 Ind., 560; Statev. Corbett, 59 N. W. Rep., 317; Post v. Ry., 14 Neb., 110. Also the following cases upon the general question of ticket scalping and State laws upon the subject: Schubach v. McDonald, 78 S. W., 1020; Munn v. Illinois, 94 U. S., 113; Thompson on Carrier of Passengers, p. 65; Angel on Carriers (5th ed.), sec. 609; Logan v. Hannibal & St. J. Ry. Co., 12 Am. and Eng.; Railroad Cases, p. 141 (77 Mo., 663); Beach on Railways, vol. 2 (sec. 869); Railway Co. v. Daniels, 29 S. W. Rep., 427; Elliott on Railroads, vol. 4, secs. 1593, 1594; vol. 4 Interstate Commerce Commission Rep., p. 392; Mauritz v. R. R. Co., 23 Fed. Rep., 769; Deitrich v. Penn. R. R. Co., 71 Pa. St., 435; Elmore v. Sands, 54 N. Y., 515; Lewis v. N. Y. Sleeping Car Co., 143 Mass., 272; Frank v. Ingalls, 41 Ohio St. Rep., 563.

DAVIDSON, Presiding Judge.—Application for writ of habeas corpus was granted by Judge Henderson (a member of this court) and made returnable before the full court. Applicant was arrested for a violation of an ordinance of the City of San Antonio, prohibiting the sale of unused tickets, in that city, which ordinance reads, as follows:

"An ordinance restricting the sale of tickets, passes or other evidence of the right to travel on any railroad to duly authorized agents of the railroad company issuing or authorizing the issuance of same, and prohibiting the sale of all tickets, passes, or other evidence of the right to travel on any railroad by any other than duly authorized agents of the railroad company, or authorizing the issuance of same, and providing penalties for a violation of such ordinance, and to repeal an ordinance passed April 2 and approved April 5, 1900, entitled, 'An ordinance licensing and regulating the business of Ticket Brokers or Scalpers, and affixing penalties for its violation.'"

Be it ordained by the City Council of the City of San Antonio, Texas:

Sec. 1. It shall be unlawful for any person or persons, firm or corporation, or for any officer, agent or servant, or receiver of any corporation, for or in its behalf, now or hereafter engaged in the business of railroad ticket broker, or any other person or persons, with or without license therefor, in San Antonio, Texas, to sell, barter or transfer, for any consideration whatever, the whole or any part of any railroad ticket or tickets, pass or passes, or other evidence of the holder's right to travel on any railroad unless duly authorized to do so by the railroad or the receiver thereof issuing or authorizing the issuance of same, and unless such authority to sell same is in writing, duly attested by the corporate seal of such railroad company, or the signature of the receiver thereof, if any there be, of such railroad company, or by the signature of the officer whose name is signed upon the tickets or coupons or other evidence of the right to travel on same, which said agent may be authorized to sell."

It then provides a penalty for the violation of this ordinance, not less than $25, nor more than $100, for each and every offense.

The second section requires that the party having the right to sell these tickets, shall keep a certificate posted in a conspicuous place in his office, for the information of travelers.

In Jannin v. State, 42 Texas Crim. Rep., 631; 51 S. W. Rep., 1126, it is held that the statute enacted by the Legislature of our State, of similar import was unconstitutional and void. The same question involved there is in this case, so far as the right to limit a party in selling or buying unused railroad tickets. That case has been followed by our Supreme Court in T. & P. Ry. Co. v. Mahaffey, 11 Texas Ct. Rep., 858. These authorities are sufficient to show the illegality of the character of legislation set out in the ordinance, even when enacted by the State Legislature.

Section 2 of article 10 of the Constitution provides: The Legislature shall pass laws to regulate railway freight and passenger tariffs, and correct abuses and prevent unjust discrimination and excesses in the rates of freight and passenger traffic on the different railroads in this State, and to enforce the same by adequate penalties, and to the further accomplishment of these objects and purposes may provide and establish all requisite means and agencies invested with such powers as may be deemed adequate and advisable." This clause seems to indicate that the Legislature alone is invested with power to pass laws regulating passenger and freight tariffs, and to provide such agencies as may be necessary to carry out such legislative action and intent. We are of opinion that this does not contemplate a city here and there in the State shall be invested with power at the hands of the Legislature to regulate or control the selling or buying of railroad tickets within a city jurisdiction. That clause of the Constitution pertains to the general management of railroads in the manner specified. For instance, it might delegate its power to the Railroad Commission, or some general agency, but it cannot particularize special localities, such as municipal bodies; and transfer to them the power to regulate these matters. The Constitution has granted no such authority to the Legislature. On the contrary, it has expressly limited this matter to legislative action.

There are several interesting questions suggested for discussion; but under the Jannin and Mahaffey cases, supra, we deem it unnecessary to enter a discussion thereof. Those cases dispose of the real merits of this case, and are authority for holding the ordinance of the City of San Antonio invalid. The applicant is ordered discharged.

*Relator discharged.*

Henderson, Judge, absent.

BROOKS, JUDGE.—The Jannin case supports this decision, but I think the city had authority to pass this ordinance.

ON REHEARING.

February 6, 1907.

HENDERSON, JUDGE.—This case comes before us on the State's motion for rehearing. The case is stated in the original opinion, except the provision of the charter under which the ordinance was assumed to be based, is not given, and is, as follows:

"Sec. 96. To restrict the sale of tickets, passes, or other evidence of the right to travel on any railroad or street railway to duly authorized agents of the railroad or street railway company issuing or authorizing the issuance of the same, and to prohibit the sale of all tickets, passes or other evidence of the right to travel on any railroad or street railway by any person other than duly authorized agents of the railroad or street railway company issuing or authorizing the issuance of same, and to provide penalties for a violation of any ordinance passed under this power."

Applicant contends that he should be enlarged because the Legislature could not delegate to the City of San Antonio any such power as is attempted to be delegated in section 96 of the charter because (1) The power sought to be delegated is not a mere matter of police regulation. (2) It is in violation of provisions of article 3, section 1, of the State Constitution, which vests the legislative power of the State in the Legislature. (3) It is contrary to and in violation of section 2, article 10, of the State Constitution, because it is an attempt to confer on the city council of the City of San Antonio the power to regulate railway traffic and the sale of tickets therefor.

In disposing of the case in the original opinion reference was made to the Jannin case, 42 Texas Crim. Rep., 631, and it was held that said case was applicable, and that a similar law to this ordinance was held to be unconstitutional. On inspection of that decision it is evident that the proposition on which that case was reversed is not in this case. The doctrine was there announced that the law passed by the Legislature, which confined the sale of tickets to regularly authorized agents of railroads was valid under the police power of the State. The case was reversed, because in that law power was conferred by the Legislature on the railroads to designate the character of tickets which scalpers were prohibited to deal in, thus giving to the railroad companies the power to say what was or was not a criminal offense. In accordance with the Jannin case, supra, undoubtedly the Legislature has the power to prohibit and punish the sale of railroad tickets by others than the authorized agents of said companies. Can this power be delegated to a municipality, such as the City of San Antonio? If there were a State law on the subject inconsistent or incongruous with the municipal ordinance, another question would arise. And it may be conceded that, under the rule announced in Curtis v. Ry., 63 S. W. Rep., 149, and Arroyo v. State, 69 S. W. Rep., 504, that the Legislature could not authorize a municipality to pass a law inconsistent with the State law

on the same subject. However, the State law on the subject being unconstitutional (Jannin's case) there is no law of general application regulating the sale of railroad tickets by·scalpers. So the question is simply, in the absence of any State law on the subject, can the Legislature authorize a municipality by ordinance to make penal the sale of railroad tickets by others than the agents of such railroads. There is nothing in the Constitution prohibiting the exercise of this power, if it is only a delegation of such legislative power as may be exercised by a municipality. While as a general rule the Legislature cannot delegate its power to make laws, yet as a well recognized exception to this, is the delegation of such police power as may be properly exercised by cities. Cooley on Const. Lim., p. 138, 226; Smith's Mod. Law of Mun., Cor. vol. 2, secs. 1319 to 1324 inclusive, also sec. 498.

In Texas this doctrine has even been carried to the extent of contravening State laws on the same subject. Davis v. State, 2 Texas Crim. App., 425; Ex parte Ganza, 28 Texas Crim. App., 381; Reuter v. State, 67 S. W. Rep., 505. However, this view may be overruled in Arroyo v. State, 69 S. W. Rep., 503. See further on this subject State v. Binder, 38 Mo., 450; State v. Clarke, 54 Mo., 17; State v. DeBar, 58 Mo., 395; Siebold v. Peo., 86 Ills., 33; Village of St. Johnsburg v. Thompson, 59 Vt., 300; Mayor, etc., v. Minor, 70 Ga., 191; 1 Dillon's Mun. Cor., secs. 87, 88, 308.

Nor does the ordinance in question deprive any citizen of equal rights with other citizens, or deprive him of the right to carry on a lawful occupation or to transfer his property as he sees fit. A reading of the ordinance shows, when fairly construed, that it confines the sale of tickets to agents of the particular railroad, and as is announced in Jannin's case, it is competent for the Legislature to ·do this. As was also held in said case, a railroad ticket is not in the strict sense of the term, property, but is a token, authorizing the party who purchased it to be transported. If it be conceded that this is quasi-property, yet under the police power of the Legislature its use can be regulated.

The question as to whether such ticket can be absolutely forfeited if the party purchasing it does not see fit to use it, is not presented in this case. Some of the cases hold that in order for a law on this subject to be valid, it is not necessary to make provision for the redemption of the ticket in case the purchaser does not use it. Burdick v. Peo., 36 N. E., 494; Corbett's case, 59 N. W., 317. As stated, however, this question is not before us here, and it is not necessary to decide it.

The law in question is not violative of any provision of our Constitution and we will not presume, in the absence of proof, that due publication was not made of the charter. Nor does the act deny to the applicant in this case due process of law, or the equal protection of the law by granting special privileges to railroads, but as is held by the great current of authority, it is within the police power of the

Legislature. For other cases on this subject, see 28 Am. & Eng. Ency. of Law, 2nd ed., p. 199.

The motion for rehearing is granted, and the relator is remanded to custody.

*Relator remanded.*

DAVIDSON, PRESIDING JUDGE, dissents and adheres to his original opinion in this case, which will be reported with the case.