## MARYLAND CASUALTY CO. v. MORRIS.

### No. 10916.

Court of Civil Appeals of Texas. Galveston.

April 20, 1939.

Rehearing Denied May 18, 1939.

Sewell, Taylor, Morris & Connally, of Houston (W. J. Knight, of Houston, of counsel), for appellant.

Russel A. Bonham and Mary Nan Bonham, both of Houston, for appellee.

GRAVES, Justice.

This is an appeal from an order of the Honorable Ewing Boyd, Judge of the District Court of Harris County, Texas, for the Fifty-Fifth Judicial District of Texas, denying to appellant, Maryland Casualty Company, a temporary injunction sought by it in its separate and independent action against him to enjoin the appellee, Leo L. Morris, from further prosecuting a suit filed by him against one L. M. Robertson, now pending in the District Court of Harris County for the Sixty-First Judicial District of Texas.

Jurisdiction of this Court to review the matter is based upon Article 4662, Revised Civil Statutes of Texas (1925), providing for immediate appeal in cases involving temporary injunctions, the record having been filed in this Court within twenty days after the order complained of was entered in the District Court.

The record shows that the suit against the prosecution of which the injunction is sought, was filed by appellee against Robertson to recover damages for personal injuries sustained by him as a result of being struck by a truck being operated by one Hatfield in the City of Houston on or about the 15th day of May, 1935. The liability of L. M. Robertson in the suit is predicated solely upon the ground that Hatfield was his employee and was engaged in the scope and course of his employment on the occasion in question and was negligent in operating the truck in certain specific respects which were the proximate cause of appellee's injuries.

The record also shows that long prior to the filing of the suit versus Robertson, the appellee had filed suit against Gulf Brewing Company to recover for the personal injuries sustained by him on the occasion in question. In that suit appellee predicated liability against Gulf Brewing Company solely on the ground that Hatfield

was its employee and engaged in the scope and course of his employment as such and was negligent in operating the truck in certain specific respects and that such negligence was the proximate cause of appellee's injuries.

The allegations of negligence on the part of Hatfield were identical in the two cases. As a matter of fact, the allegations in the two petitions are substantially identical in all respects, except that in one Hatfield is alleged to be the employee of L. M. Robertson and in the other he is alleged to be the employee of Gulf Brewing Company.

The record shows that the case of Gulf Brewing Company was tried before a jury in the Eightieth District Court of Harris County. During the course of this trial, the issue as to whether Hatfield was the employee of Gulf Brewing Company or not was eliminated by agreement, the attorneys for defendant, at the request of attorneys for plaintiff in that suit, having agreed that Hatfield was the employee of Gulf Brewing Company. The case was tried before the jury on the question of whether Hatfield was negligent and whether such negligence was a proximate cause of appellee's injuries and whether the plaintiff was guilty of contributory negligence and whether his acts constituted a sole proximate cause of his injuries. The jury returned a verdict, upon special issues, finding that Hatfield was not negligent in any of the respects inquired about, and further finding that the appellee was guilty of contributory negligence, and further finding that his own conduct was the sole proximate cause of his injuries. Upon this verdict, the court entered judgment for the defendant, Gulf Brewing Company.

No appeal or writ of error to review this judgment was filed or sought to be filed within the time required by law, and the judgment of the District Court in that case has become in all respects a final judgment. After the judgment in that case had thus become final, appellee then filed the suit against L. M. Robertson with respect to which this injunction is sought.

The record will show that appellant Maryland Casualty Company had issued its policy of insurance to L. M. Robertson and Gulf Brewing Company, jointly and severally insuring them with respect to liability for the damages alleged to have been sustained by appellee and obligating the company to defend, on their behalf, any suit brought against either of them by appellee to recover for such damages, whether such suit was groundless or not. This policy was in full force and effect at the time appellee sustained the injuries sued for.

After the filing of the second suit, Maryland Casualty Company filed this new and separate suit seeking a restraining order, a temporary injunction, and a permanent injunction enjoining the prosecution of the second suit by him upon the ground that appellee Morris was bound by the findings of the jury and the judgment of the court in the prior suit determining that the Gulf Brewing Company was not liable to appellee for the injuries complained of, and that he, therefore, could not recover for such injuries against Robertson, or the Maryland Casualty Company, indemnitor for Robertson and the Gulf Brewing Company, and that the maintenance of such suit was vexatious and subjected Maryland Casualty Company to irreparable loss and damage for which it had no adequate remedy at law and with respect to which it was entitled to equitable relief.

The driver of the truck, Hatfield, is not a party to the injunction-suit under review, nor were either he or this appellant parties to either of the two preceding suits, the first of which was against the Gulf Brewing Company only, the second against L. M. Robertson only; moreover the averments of the first charged negligence directly against the Brewing Company, acting through its agent and employee, Hatfield, while those of the second declared in precisely the same way against Robertson. Thus successively each defendant was separately sought to be held solely upon the theory of being responsible for the alleged negligent acts of Hatfield as its and his individual agent, respectively—not that there was ever any reciprocal duty, obligation, or mutual benefit, existing or imposed by any actual relationship, as between the two defendants themselves, whether resulting from the status of Hatfield toward either, or otherwise.

In other words, the Second Suit—the one herein sought to be enjoined—so ran against L. M. Robertson alone, and his alleged liability therein is not predicated upon any such duty, obligation, or benefit, as having grown out of any relationship of any sort with the Brewing Company—the sole party-defendant to the first suit.

In challenging here the refusal below of the temporary-injunction, appellant's con-

trolling contention is: "Since the jury found in the suit brought by appellee Leo L. Morris against Gulf Brewing Company that the driver of the truck, whose negligence was alleged to have caused his injuries, was not negligent and that Morris was guilty of contributory negligence and that his own act was the sole proximate cause of the injuries, the appellee is barred from recovering for such injuries in a suit against the driver, or against anyone whose liability for the act of the driver is purely derivative, including L. M. Robertson, the alleged employer of the driver, and the appellant Maryland Casualty Company, the indemnitor of the driver, the Gulf Brewing Company, and L. M. Robertson."

■ This court cannot see eye to eye with that view, concluding rather that the trial court was correct.

In the first place, in no litigious nor practical sense in the circumstances obtaining was appellant "the indemnitor of the driver, the Gulf Brewing Company, and L. M. Robertson", as if its indemnity policy had only jointly insured these three while engaged in a common or joint enterprise; Hatfield was not a beneficiary in the policy, nor a party to the suit, and the policy was a joint and several one inuring only to the benefit of the Brewing Company and Robertson, each separately, as the facts turned out to be; that is, Robertson alone owned the truck involved, which he was then operating through his driver Hatfield, merely transporting beer for the Brewing Company under a transportation agreement.

In the second place, there was thus no derivative relationship whatever between the Brewing Company and Robertson with reference to the character or consequences of Hatfield's acts, as affected the appellant or its policy; it had in effect thereby simply contracted separately with each of them that it would indemnify whichever one "owned, maintained, or used" this particular automobile at the time against specified damages caused by accident thereto; wherefore, if in fact the automobile in the accident was not owned by the Brewing Company and the operator Hatfield was not its agent, its acquittal of liability for the appellee's injuries in the first suit did not adjudicate the issue as to whether Robertson was liable therefor, nor did the pursuit of that inquiry into the second suit legally aggrieve the appellant.

Both sides rely upon the principle of law thus stated in 26 Tex.Jur. Sec. 476, at page 265, the appellant without the italicizing that is here added to it, the appellee with it, to-wit: "There being ordinarily no privity between a principal and his agent, or a master and his servant, *it is a general rule that a judgment against one of them and in favor of a third person is not binding upon the other,* in the absence of circumstances which will estop him from denying its conclusiveness. And by virtue of the principle of mutuality, he is not entitled *to* invoke its *benefits.* The rule stated above, however, is subject to a well-established exception which arises whenever the liability of one of them is purely derivative—that is, when it is based, not upon any act of his own, but upon an act of the other. In such a case, a judgment against the plaintiff and *in favor of the one primarily liable* will protect the person secondarily liable."

This court agrees with the appellee's interpretation to the effect that the quoted exception to the general rule, therein stated, could only apply to this cause, if the liability of Robertson in the second suit sought to be enjoined by this bill for injunction were based upon some duty, obligation, or benefit, derived by him through the Gulf Brewing Company, agreeably to this declaration by the Commission of Appeals in Eastland County v. Davisson, 13 S.W.2d 673, 676: "It is also urged that, as there are different parties to the second suit, a judgment in the first would not be res adjudicata in the second. Ordinarily, this would be true, but there is a well-defined exception to the rule thus invoked to the effect that a plea of res adjudicata, based upon the result of a former suit, is available to one, though not a party to that suit, who rests under a *secondary or derivative liability* which must have been considered and determined in the former litigation."

■ If the liability of Robertson necessarily arose or grew out of some act of the Brewing Company, the appellant's position and cited authorities would apparently rule that situation; but, there having been neither privity nor any other connection between those two separate and distinct entities, a different rule is thought to control these facts, which is thus stated (with emphasis added here) in 26 Tex.Jur. Sec. 355, page 18: "Thus a judgment in favor

of *or against* a party to one suit, cannot, as a general rule, be res judicata, *in any respect* in a subsequent suit arising with one who was a total stranger to the first proceeding, *even though the two suits arise out of the same transaction.* Accordingly, the fact that a plaintiff has sued the wrong person will not usually preclude him from maintaining a subsequent action against the right one, whether judgment went *against him,* or in his favor * * *."

To the same effect is Leary v. Interstate National Bank of Texarkana, Tex. Civ.App., 63 S.W. 149.

Since these conclusions determine the merits of the appeal, further discussion is foreborne; they require an affirmance of the judgment appealed from, and a dissolution of the temporary restraining-order heretofore issued herein by this court. It will be so ordered.

Judgment affirmed, this court's restraining order dissolved.

On Appellant's Motion for Rehearing.

Appellant criticises the recitation in the original opinion that "Hatfield was not a beneficiary in the policy"; this was an inaccuracy in recitation rather than in the statement of the actual facts as applied to the concrete case in court; in other words, this court was considering the application of this indemnity-policy to the two litigations involving it—the first suit of the appellee against the Gulf Brewing Company, and his second one against L. M. Robertson—in neither of which was the driver, Hatfield, sued, or in any "litigious nor practical sense" a party.

A re-examination of the record, which reflects only stipulations about and extracts from the policy, shows:

(1) It was one of indemnity only, obligating appellant to pay on behalf of any insureds under it "all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law, (A) for bodily injuries, and (B) for injuries to or destruction of property"; obviously, these provisions could only take effect as against such an assured as had at least been made party to a suit, in which it was sought to hold him liable for one or the other of these two sorts of damages; wherefore, appellant cannot predicate any derivative liability upon Hatfield.

(2) Hatfield, the non-sued driver of this automobile, was at most only a potential beneficiary in the policy, contingent upon whether or not he was shown to have been using the automobile at the time with the permission of the specifically-named insureds, Gulf Brewing Company and L. M. Robertson; there was no proof of this indispensable permission as to L. M. Robertson, only mere averments to that effect in appellant's bill for injunction herein.

The motion has been carefully considered, but under the conclusion that the cause was correctly decided here on original submission, it will be overruled.

Motion for rehearing refused.