**ALLSTATE INSURANCE COMPANY,**
Appellant,

v.

**John R. BROWN, Appellee.**

No. 3322.

Court of Civil Appeals of Texas.

Waco.

Feb. 23, 1956.

Rehearing Denied April 19, 1956.

Richey, Sheehy & Teeling, Waco, for appellant.

W. C. Haley, Waco, for appellee.

HALE, Justice.

This suit grew out of an automobile collision which occurred in the City of Waco on October 6, 1953. One of the cars involved in the collision belonged to L. N. Stahr and was being driven by his son, Roger Stahr. The other car belonged to John R. Brown and was being driven by his son, James Brown. Both cars were proceeding in a southerly direction along South 26th Street when the front end of the Brown car collided with the rear end of the Stahr car, resulting in damage to both cars. At the time of the collision, John R. Brown held a policy of liability insurance issued to him by appellant, Allstate Insurance Company, whereby appellant agreed, subject to the usual provisions contained in a standard form policy of automobile liability insurance, to pay on behalf of the insured such damages as he might become legally obligated to pay on account of personal injuries or property damage arising from the ownership of his car.

On October 22, 1953, L. N. Stahr, represented by Honorable Bedford Edwards, filed suit in the Justice of the Peace Court of McLennan County against John R. Brown for the recovery of the damages to his car. Thereafter, on October 27, 1953, the attorney for John R. Brown forwarded to appellant the citation which had been served on his client, together with a covering letter in which he stated that he intended to file suit against Stahr for damages. He also called attention to the fact that John R. Brown was not driving his car at the time of the collision and stated that so far as he knew there was no relation of agency or otherwise which would make John R. Brown liable for Stahr's damages. He further advised appellant that he and his client were looking to it to file an answer to the suit and handle the same in accordance with its policy of liability insurance. During the pendency of the suit, attorney Edwards negotiated a compromise settlement on behalf of L. N. Stahr with appellant, whereby the latter agreed to pay $84.50 and the costs of court in the Justice of the Peace suit in settlement of L. N. Stahr's claim for damages. Thereafter, appellant forwarded to attorney Edwards its check for $89.05 and a form of release to be executed as evidence of the compromise settlement agreement. On November 5, 1953, attorney Edwards secured the signature of L. N. Stahr and wife to the release. This release recited a consideration of $89.05 and provided, among other things, as follows: "We understand that this settlement is the compromise of a doubtful and disputed claim, and that the payment is not to be construed as an admission of liability on the part of the persons, firms and corporations hereby released, by whom liability is expressly denied." Having advised appellant that he would dispose of the case which he had filed in the Justice of the Peace Court, the question arose in the mind of attorney Edwards as to how he should dispose of the suit, whether by an order of dismissal or otherwise. He did not advise appellant how he would dispose of the same but he wanted to get it off of the court's docket. Since no answer had been filed in the case, he caused a judgment by default to be entered in favor of his client on November 10, 1953 for $84.50 and costs of court. Following the judgment was the notation "Judgment paid and satisfied on November 10, 1953 without admission of liability on the part of the defendant." Under the judgment and notation was the signature of the Justice of the Peace.

On January 19, 1954, John R. Brown, appellee herein, filed the present suit in the County Court at Law of McLennan County against Roger Stahr, whereby he sought to recover the property damages he had sustained as a result of the collision above referred to, alleging that such damages were proximately caused by the negligence of Roger Stahr in the particulars set forth in his petition. Alternatively, he also joined appellant as a party defendant in the suit, whereby he sought recovery of his damages against appellant in the event he should be denied recovery against Roger Stahr on account of the judgment in the prior Justice of the Peace suit. As grounds of his alternative plea of liability against appellant, he set forth in his petition the substance of the facts hereinbefore recited

with respect to the existence of the policy of insurance issued by appellant and the proceedings had in the Justice of the Peace Court. Appellant answered this suit with special exceptions directed to the insufficiency of appellee's alternative plea to state a cause of action against it, with a general denial and with various affirmative defenses. Roger Stahr answered with a general denial and an affirmative plea that the rights and liabilities of the parties had been determined by the final judgment in the Justice of the Peace Court hereinbefore referred to. Thereafter, Roger Stahr filed and presented his motion for summary judgment in this cause, based upon his plea of res judicata. The court below sustained the motion of Roger Stahr for summary judgment and entered judgment accordingly, to which appellant excepted. The cause then proceeded to trial before a jury on the alternative plea of appellee against appellant. It was agreed that if appellant was liable to appellee, the amount of such liability was $222.26.

Upon the conclusion of the evidence relating to appellee's alternative plea, appellant duly filed and presented its motion for a peremptory instruction in its favor on the ground that it was not legally liable to appellee under the facts fully set forth in its motion. This motion was overruled and appellant duly excepted. Thereupon, the court submitted various special issues to the jury over the objections of appellant and, in response to such issues, the jury found that Roger Stahr was negligent in the operation of the car he was driving and that such negligence was a proximate cause of the damage to appellee's car; that James Brown did not fail to keep a proper lookout and was not negligent in any of the particulars as submitted; and that appellant was negligent in failing to defend the suit of L. N. Stahr against appellee in the Justice of the Peace Court and in permitting L. N. Stahr to take a default judgment therein against appellee. Appellant duly filed and presented its motion for judgment non obstante veredicto, upon the grounds fully set forth in its motion. This motion was overruled, appellant excepted, and judgment was

then rendered in favor of appellee and against appellant for the sum of $222.26.

The first point in appellant's brief, being germane to several assignments of error in its motion for new trial, is as follows: "The error of the court in holding that the judgment in the Justice Court case filed by L. N. Stahr against John R. Brown was res adjudicata of the cause of action asserted by John R. Brown against Roger Stahr in this case and that defendant, Allstate Insurance Company, was liable to plaintiff in this suit because it permitted judgment by default to be taken in the Justice Court case." After due consideration of the record before us, we have concluded that this point of error must be sustained.

■ ■ The doctrine of res judicata is based upon the general principle that a right, question or fact put in issue and finally determined by a court of competent jurisdiction as a ground of recovery or defense, cannot be disputed in a subsequent suit between the same parties or their privies. State of Oklahoma v. State of Texas, 256 U.S. 70, 41 S.Ct. 420, 65 L.Ed. 831. However, the doctrine cannot be applied in the subsequent suit unless the party invoking it and the party against whom it is invoked were both bound by the former judgment, either as parties or as privies of the parties. Roger Stahr, the principal defendant in this suit, was not a party to the Justice Court suit and he was not a privy to either of the parties to that suit and consequently he is not bound by the judgment rendered therein. Since Roger Stahr is not bound by the Justice Court judgment, neither is appellee bound by that judgment in so far as Roger Stahr is concerned. Therefore, we do not think the doctrine of res judicata is applicable to this case or that the judgment in the Justice Court suit constituted a bar or ground of estoppel against the asserted right of appellee to recover his damages from Roger Stahr in the present suit. 26 Tex.Jur. p. 18, Sec. 355, p. 211, Sec. 452, p. 265, Sec. 476; Galveston, H. & S. A. Ry. Co. v. Kutac, 72 Tex. 643, 11 S.W. 127; Davis v. First Nat. Bank of Waco, Tex.Com.App., 139 Tex. 36, 161 S.W.2d

467, 144 A.L.R. 1; Maryland Casualty Co. v. Hendrick Memorial Hospital, Tex.Civ. App., 169 S.W.2d 965; Texas Soap Mfg. Corp. v. McQueary, Tex.Civ.App., 172 S.W.2d 177; Lung v. Lung, Tex.Civ.App., 259 S.W.2d 253 (er. ref. n. r. e.).

■■ We agree with the contention of appellee that a plea of res judicata based upon the result of a former suit may be available to one, though not a party to that suit, who rests under a secondary or derivative liability which must have been considered and determined in the former litigation. Such was the holding in the case of Eastland County v. Davisson, Tex.Com. App., 13 S.W.2d 673 and the prior cases therein cited. But, in the instant suit, the asserted liability of Roger Stahr for damages to appellee's car is not secondary to or derived from any liability which might have rested upon L. N. Stahr under the principle of respondeat superior. On the contrary, Roger Stahr's liability, if any, rests solely upon his own conduct as an alleged tort feasor. Since no answer was filed in the Justice Court suit, no plea of contributory negligence on the part of Roger Stahr could have been presented in such suit and, consequently, the Justice of the Peace could not, and we must assume that he did not, consider or determine any issue of negligence vel non on the part of Roger Stahr in the rendition of the so-called judgment by default. Therefore, the theory of derivative liability as an exception to the general rules relating to a plea of res judicata has no application to this case. McFaddin, Wiess & Kyle Land Co. v. Texas Rice Land Co., Tex.Civ.App., 253 S.W. 916, pt. 11; Maryland Casualty Co. v. Morris, Tex.Civ.App., 128 S.W.2d 86; Stafford v. Lawyers' Lloyds of Texas, Tex. Civ.App., 175 S.W.2d 461 and authorities.

■ Appellee further says appellant is liable to him, even though the judgment in the Justice Court case was not res judicata of his asserted cause of action against Roger Stahr, because appellant breached the obligation resting upon it under the terms of its policy of insurance in failing to defend the Justice Court case and because appellant was negligent in permitting a default judgment to be taken against him. We cannot agree with these contentions. While appellant agreed in its policy of insurance to defend any suit against appellee for damages arising from the ownership of his car, such agreement was subject to the reserved right of appellant to "make such investigation, negotiation and settlement of any claim or suit as it deems expedient." Moreover, even though it could be said that appellant was negligent in failing to defend the Justice Court case after it had effected a settlement thereof, we fail to see how such negligence on its part, if any, could have been a proximate cause of the damages for which appellee was awarded a recovery in this case unless the conduct of appellant in failing to defend the Justice Court suit and in permitting L. N. Stahr to take a default judgment therein deprived appellee of his legal right, if any, to recover his damages from the tort feasor whose negligence proximately caused such damages.

Because we have concluded that the trial court erred in overruling appellant's motion for a peremptory instruction, its motion for judgment non obstante veredicto, and in holding that appellant was liable to appellee herein, the judgment appealed from is reversed and judgment is here rendered that appellee take nothing by his suit against appellant.

Reversed and rendered.