ALBERT G. DICKASON *v.* JOHN M. BELL, Syndic.

A judgment obtained against the surety cannot be enforced if the principal has been released from the same debt by a judgment in his favor annulling the contract which gave rise to the obligation.

APPEAL from the District Court of West Feliciana, *Haralson*, J., presiding. *Brewer & Collins*, for plaintiff. *U. B. & E. Phillips*, for defendant and appellant.

MERRICK C. J. The defendant, *John M. Bell*, as syndic of his own creditors, on the eighteenth day of May, 1853, sold at public auction to *Charles Richardson*, a negro man for $1265 and a negro woman and child for $1325. The one-third of the price was paid in cash, and for the residue, *Richardson* gave his two promissory notes for $863 33⅓ each, payable in one and two years, with eight per cent. interest from date. The notes were subscribed by *Richardson* and the plaintiff as his surety, who bound himself *in solido* with him. On the 6th of April, 1854, *Richardson* brought an action of redhibition to rescind the sale of the negro man, to recover the instalment of the price paid in cash, and interest, and to obtain the cancellation of the notes. Whilst this action was pending against the syndic, the two notes matured, and on the 6th day of March, 1855, he instituted suit thereon against both *Richardson* and the plaintiff. *Richardson* filed an answer on the 24th day of March, wherein he set forth the pendency of the action of redhibition, and alleged the same facts contained in his petition in that suit. *Dickason* not appearing, judgment by default was rendered against him, which at the June term following, was made final. The same day the attorneys for the syndic entered into the following agreement:

"JOHN M. BELL, Syndic,      }  793 {     Seventh District Court,
*v.*                                           West Feliciana.
CHARLES RICHARDSON et al.    }

I agree not to issue execution on the judgment rendered in the above styled suit until the decision of the suit of *Charles Richardson* v. *John M. Bell*, syndic, No. 644, by the Supreme Court, if a suspensive appeal is taken.

June 2, 1855.

(Signed)                                   U. B. & E. PHILLIPS,
                                              CYRUS RATLIFF, for defendant."

The defendant, *Dickason*, obtained an order for a suspensive appeal in his case, but it does not appear that he gave bond. He did not file the appeal in the Supreme Court. In the mean time, all further action appears to have been suspended in the case, the parties apparently awaiting the decision in the case of *Richardson* against *Bell* in the redhibitory action. In this latter case a trial was had at the May term, 1856, which resulted in favor of *Richardson*. The judgment awarded him a rescission of the sale, a return of $421 66⅔ and interest, the instalment paid in cash, and decreed that the two notes given by him for the credit portion of the purchase price be cancelled and annulled.

The syndic appealed and the judgment of the lower court was affirmed by us in April, 1857, 12 An. 296. *Richardson* having paid the syndic $300 on the 18th of March, 1856, appears to have had a settlement with him, in which the judgment for the price of the negro man was deducted from the notes and the sum of $269 11 was received on the 18th day of May, 1857, as the balance.

32

The syndic by his counsel, and the defendant, *Richardson*, then appear to have waived the recusation of the Judge as to the demand against *Richardson*, in the case against *Richardson* and *Dickason*. The case was therefore taken up and a judgment therein rendered on the 23d day of May, 1857, wherein it was recited that " a portion of the debt had been extinguished by a decree of the Supreme Court, and that the balance, with the exception of the costs, had been paid by defendant, *Charles Richardson*," and it was " therefore adjudged and decreed that there be judgment against the said defendant, *Charles Richardson*, for costs of suit and judgment in his favor upon the notes sued on."

An execution having been issued against *Dickason* on the 5th day of May, but which does not appear to have been immediately delivered to the sheriff, the attorneys of the syndic credit thereon the payment of the 18th of May, 1857, for $269 11 of that date, as the clerk had done that of 18th March, 1856, and an unavailing demand having been made on *Dickason* on the 25th, a seizure of his property was made by the sheriff on the 30th of the same month.

*Dickason* successfully enjoined the execution and the syndic has thought it his duty to prosecute this appeal.

The appellee contends that the two judgments in *Richardson's* favor extinguishing the debt as to him, the principal creditor, has extinguished it as to the surety. The appellant replies, that the grounds of the judgment in favor of *Richardson* existed at the date of the institution of the action upon the notes, and they were available to *Dickason*; that inasmuch as *Dickason* did not see fit to plead the same in defence, that he is now precluded from setting them up, and the judgment against him being unappealed from has the force and effect of the thing adjudged.

The position taken by the counsel for the appellant, though generally true, is not of universal application, as will be apparent by a single example. A and B bind themselves *in solido* for a debt of the former to C. C obtains judgment against B for the debt. Subsequently he sues A, who was the holder of a debt equally liquidated against C and which he had acquired before the suit was instituted against B. He pleads this debt in compensation against C's demand against him, and judgment is rendered in his favor. Here it is manifest that the plea in compensation and judgment in favor of A must avail B although the defence existed at the time the suit was instituted against B; compensation contains in itself an exception and an action. C. P. 372, 373. 4 An. 140, *Riddell* v. *Gormley*.

When *Richardson* commenced the action of redhibition, he had the choice of two modes of proceeding. Either to wait until the maturity of the notes, and set up the redhibitory vices of the thing sold as a defence to the notes, or to assume, as he did do, the position of plaintiff. Had he chosen to stand on the defensive, his action would have been prescribed and he would have lost the payment which he had made in cash. He could have used only his exception as a shield. He therefore chose the position of actor, and demanded something which he could not have obtained by a mere exception, and which his surety could not, under any circumstances, have demanded by way of reconvention, viz: the money which he had paid and the rescission of the contract of sale. To this he also added a demand for something which might have been urged by way of exception, a discharge of the notes. It it therefore apparent that the action of *Richardson* embraced something more than a mere exception, and the decree which was pronounced in his favor was an entire thing by which he recovered his money, rescinded the sale, and obtained an absolute cancellation of the notes sued on.

Now, it appears to us that when *Richardson* came to use this judgment for the

money and the notes as a defence to the action, it should be considered as an entire thing, the result of an action producing its effect from the date of its rendition and the time it was used in the defence of the other action against *Richardson* on the notes. It ought then to avail the co-debtor *in solido* as much as the compensation in the example given, or the payments which were made in this case by *Richardson* and which it is conceded must benefit the surety. Suppose the slave had been living when the decree annulling the sale was rendered. Now, if the syndic were permitted to divide the judgment against him and say that inasmuch as a part of it might have been used as an exception, therefore, although it is subsequent to the judgment which he has obtained against the surety, it must be considered as anterior in date and therefore merged in the judgment, he would recover back the property from the principal debtor and the price from the surety.

Again, the suit was a notification to *Richardson* that the money was demanded of his surety. If the plaintiff can recover the money by execution against *Dickason*, it is by no means clear that under Article 3021 C. C. the latter may not have recourse over against *Richardson*, his principal. If so, then the judgment in *Richardson's* favor in his action of redhibition must have the effect to protect the surety and thus protect *Richardson* himself, otherwise it is not a full protection. This case has some points of resemblance to the case of the *State* against *Hammill*, 7 An. 257. On the whole, we think the judgment ought to be affirmed.

Judgment affirmed.

SPOFFORD, J., took no part in this case.