Jamieson v. Holm.

69  119
173s 295

## Egbert Jamieson v. John Holm.

1. DECREE—*When a Bar at Law.*—A decree of a court of equity is a bar at law to any other proceeding between the same parties in the same cause of action.

2. GUARANTOR—*Discharge When the Principal Debt is Extinguished.*—The difference between sureties who directly and absolutely undertake to pay, assignors or indorsers of negotiable instruments who contingently undertake to pay, and guarantors who undertake that the principal shall pay, is merely formal, their rights, so far as dependent upon the relations of the creditor and the principal, are the same. If by any means the principal is discharged, generally the debt is extinguished and the guaranty that he will pay it ended.

**Assumpsit,** upon a guaranty. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1896. Reversed and judgment entered in this court. WATERMAN, J., dissents. Opinion filed March 8, 1897.

EGBERT JAMIESON, *pro se.*

JAMES FRAKE and B. W. ELLIS, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This suit is by the appellee upon a guaranty by the appellant of a promissory note made by the Great Western Wire Works, payable to its own order, and which, by indorsement, came to the hands of the appellee.

The defense is that in a chancery suit wherein creditors of the Wire Works were complainants, and the Wire Works and the appellee were among the defendants, the decree declared the note to be fraudulent and void, canceled and surrendered, and a judgment which had been entered thereon by confession in favor of the appellee to be annulled, vacated and for naught held, and the appellee perpetually enjoined from assigning the judgment or taking any step toward collecting it.

A decree of a court of equity is a bar at law to any other proceeding between the same parties on the same cause of action. Stickney v. Goudy, 132 Ill. 213.

And that it is by default does not affect the rule. Hazen v. Reed, 30 Mich. 331; Barton v. Anderson, 104 Ind. 578; Black on Judgments, Sec. 81, 697.

But the appellant, not being a party to that suit, can not claim any direct benefit from it; if it be available to him, it is upon the ground that the decree extinguished the claim of the appellee upon the Wire Works, from which the appellant—if he pay the note—is entitled to reimbursement; and therefore, as the appellee can not directly proceed against the Wire Works, he may not by indirection charge the Wire Works.

This principle is one ground of decision in Dickason v. Bell, 13 La. Ann. 249.

The answer made to that case—among others cited by

the appellant—is, that the case was of a surety, and not of a guarantor.

The difference between sureties who directly and absolutely undertake to pay, assignors or indorsers of negotiable instruments who contingently undertake to pay, and guarantors who undertake that the principal shall pay, is merely formal.

Their rights—so far as dependent upon the relations of the creditor and the principal—are the same. If by any means the principal is discharged, generally the debt is extinguished, and the guaranty that he will pay it ended. Brandt Sur. & Guar., Ch. 4.

Now that decrees may be made between defendants, binding upon them reciprocally, based only upon pleadings between complainants and defendants, is a doctrine declared and enforced in a multitude of cases.

In Waldo v. Waldo, 52 Mich. 91, the case was that a brother and sister claimed as sole heirs of their father. The sister first filed a bill to establish their title, making her brother and the widow defendants, and was defeated. Then the brother filed a like bill, and it was held that the first was a bar.

In Farquharson v. Seton, 5 Russ. 45, a junior incumbrancer filed a bill against the debtor and a prior incumbrancer, alleging that the prior incumbrance was in part fictitious, but the decree established its validity. It was held that the decree was a bar to a subsequent bill by the debtor attacking the amount of the prior incumbrance.

Whether the decree relied upon by the appellant ought to have been made is not a question here; the court had jurisdiction of the subject-matter and persons; and error in it— if error there be—can not be a ground for collateral attack.

The case was decided upon demurrer to a plea setting out at length the defense, and by their briefs the parties agree that they stipulated that whichever way the demurrer should be decided, the judgment should be final.

The judgment should have been for the appellant, and will be so entered here. Judgment entered for appellant here.

MR. JUSTICE WATERMAN dissents.