### JACOB SONNENTHEIL v. TEXAS GUARANTEE AND TRUST COMPANY ET AL.

Decided April 4, 1900.

**Res Judicata—Discharge of Principal—Sureties.**

Plaintiffs seeking damages for taking their property upon attachment, against another, can not, after having been defeated upon the merits in a suit therefor against the officer and the plaintiff in attachment, maintain suit upon the same cause of action against the sureties upon the indemnity bond given by the plaintiff in attachment to the officer in order to procure the levy.

APPEAL from Galveston. Tried below before Hon. WM. H. STEWART.

*Scott, Levi & Smith, Spencer & Kincaid,* and *A. H. Willie,* for appellant.

*Lovejoy & Sampson* and *Hume & Kleberg,* for appellees.

KEY, ASSOCIATE JUSTICE.—Appellant instituted this suit against appellees, the Texas Guarantee and Trust Company, a corporation, J. P. Alvey, and A. J. Walker, to recover the value of certain personal property. He alleged that on December 23, 1892, he had good title to and possession of said property, which was of the value of $84,275.05; and that on said day J. J. Dickerson, then United States marshal for the Eastern District of Texas, had in his hands a writ of attachment, directing him to levy the same on the property of Moses Freiburg, Samuel Klein, and Jos. Seinsheimer, composing the firm of Freiburg, Klein & Co., to satisfy the demand of the Christian Moerlein Brewing Company, at whose instance the writ had been issued out of said United States District Court for the Eastern District of Texas; and that the defendants, appellees in this cause, commanded, persuaded, counseled, aided, abetted, induced, and prevailed upon said Dickerson to levy said writ upon and seize and take into his possession the property referred to, and to convert the same to the use of said Christian Moerlein Brewing Company, under pretended authority of said writ.

In addition to a general denial and plea of not guilty, appellees, defendants in the court below, filed a special plea in bar, averring in substance that appellant had previously sued the Marshal, J. J. Dicker-

son, and the Christian Moerlein Brewing Company in the United States Circuit Court at Galveston, on account of the same seizure of the same property under the same writ as those set up in this case and sought of them the same relief sought in this case of appellees; that the Christian Moerlein Brewing Company and J. J. Dickerson, the defendants in said cause, pleaded to the merits thereof, averring in substance that the plaintiff was not the owner of the property so attached, was not entitled to possession thereof, and that the same had been lawfully seized under the attachment sued out by the Christian Moerlein Brewing Company against said firm of Freiburg, Klein & Co.; that on November 13, 1895, prior to the institution of the present suit, judgment was rendered in said case in favor of the defendants in said suit, denying the plaintiff any recovery and adjudging the costs against him, which judgment on appeal was affirmed by both the Circuit Court of Appeals and the Supreme Court.

This plea is very full and complete, and shows with great certainty that the plaintiff sought to recover for the identical trespass and conversion charged in this case, that there was a trial upon the merits, and that judgment final was rendered against him declaring in effect that he had no cause of action, and that said judgment is still in force.

The fourth paragraph of the plea referred to reads as follows:

"4. And for further plea in this behalf, the said defendants say that if they ever assumed or subjected themselves to any liability to the plaintiff for the alleged levy of said writ of attachment issued at the suit and instance of the said Christian Moerlein Brewing Company, and for said seizure, taking possession, and conversion to the use of said brewing company of said property under said writ, such liability was assumed or they subjected themselves thereto, as sureties for said brewing company in and by a bond of indemnity made and delivered by it and themselves to said Dickerson, marshal, on said December 23, 1892, in the sum of $60,000, conditioned that said brewing company, principal, should save and keep said Dickerson, marshal, harmless from all costs, charges, damages, and suits that he might incur or become liable to in consequence of the levy of said writ, and that they should pay off, discharge, and cancel all judgment, damages, and costs that might be rendered against him by reason of said levy, and not otherwise; and that if plaintiff should recover damages against said defendants in this suit, they would have a right of recovery over against said the Christian Moerlein Brewing Company therefor, if said right had not been extinguished and destroyed by said judgment rendered in said suit No. 1702 in said Circuit Court whereby said the Christian Moerlein Brewing Company was acquitted, released, and discharged, for the reasons and in the manner elsewhere in this answer alleged, from all liability, if any there ever was, for and on account of the said issuance and levy of its said writ of attachment and the said seizure, taking possession, and conversion to its use of said property thereunder; that said judgment in said suit No. 1702 is a bar to and estops the plaintiff

to prosecute or recover in this suit, in that it is an adjudication against the plaintiff's right to recover for said alleged injuries and trespasses, and also deprives these defendants of the right of recovery over against said the Christian Moerlein Brewing Company, and this these defendants are ready to verify."

In the court below appellant interposed a demurrer to the plea referred to, asserting that the judgment pleaded does not estop him from maintaining this action. This demurrer was overruled, and this ruling is the only error assigned in this court.

Counsel for appellees advance several propositions in support of the correctness of the ruling referred to, all of which seem to be supported by authorities cited in their brief. We prefer, however, to rest our decision upon one ground only, without expressing any opinion upon the other points.

The plea referred to discloses the fact that if appellees became liable to appellant at all in reference to the matters under consideration, they did so by becoming sureties for the brewing company on an indemnity bond made by the company to the marshal, Dickerson, and not otherwise. This being the case, if the question of the brewing company's liability to appellant had not been previously adjudicated, appellees could have requested said company to defend this suit; and if thereafter appellees had exercised all reasonable care and diligence in defense of this action, and judgment had gone against them, they could have maintained an action against the brewing company and recovered from it the amount paid by them in satisfaction of the judgment. This right would have resulted from the fact that they were sureties for the brewing company; but as the issue of the brewing company's liability to appellant upon the same cause of action had already been adjudicated, resulting in a judgment declaring it not to be liable, appellees, if cast in the present suit, could not maintain an action against the brewing company; and as appellant inaugurated and prosecuted the former litigation which brought about this result and deprived appellees of this contingent right, the judgment in the former action is a bar to appellant's right to maintain this action. Brown v. Bradford, 30 Ga., 927; Dickason v. Bell, 13 La. Ann., 249; Hill v. Morse, 61 Me., 541; Featherstone v. President, etc., Newburg and Cochecton Turnpike Co., 24 N. Y. Supp., 603 (71 Hun, 109).

For the reason stated, the demurrer to appellees' answer was properly overruled; and this being the only question for decision, the judgment will be affirmed.

In conclusion, we wish to commend the manner in which the brief submitted on behalf of appellees has been prepared. It contains an exact copy of the plea demurred to. The authorities cited in support of the trial court's ruling have been selected with care; they are all in point, and the brief contains pertinent quotations from nearly all of them. This brief is one of the most satisfactory that has come under the writer's observation, and indicates that it was prepared by a lawyer who

thoroughly understood his case, and desired to render to the appellate court all the assistance possible. This is not intended as a reflection on appellants' brief, which is up to the general average, and clearly presents the point to be decided.

*Affirmed.*