## STAFFORD v. POWELL.

No. 2007.

Court of Civil Appeals of Texas. Eastland.

June 9, 1939.

Thomas & Thomas, of Big Spring, for appellant.

Vernon D. Adcock, of Lamesa, for appellee.

LESLIE, Chief Justice.

This is an appeal from the order of the District Judge granting a temporary injunction April 15, 1939, upon a hearing during a regular term of the District Court. H. C. Powell filed suit against Earl E. Stafford October 27, 1938. The trial was upon the plaintiff's First Amended Original Petition stated to have been filed April 10, 1939, and "refiled" April 15, 1939.

The suit was for the possession of certain crops alleged to have been wrongfully taken from the tenant Powell by the landlord Stafford and for damages for conversion, etc. After filing the suit (No. 2211) in the District Court of Dawson County, Powell sequestrated the crops and later replevied the same.

March 23, 1939, and prior to any final disposition of the Dawson County suit, Stafford filed suit (No. 3615) in the District Court of Howard County against H. C. Powell, Lawyers Lloyds, (surety on sequestration and replevy bonds) and Gus White, Sheriff of Dawson County, Texas, for the alleged wrongful sequestration of said crops and conversion of the same, as involved in the Dawson County suit.

In his amended petition in the Dawson County suit, Powell asked, among other things, for an injunction restraining Stafford and his attorneys from any and all actions in the further prosecution of the suit filed in Howard County.

After the hearing on such petition in the District Court of Dawson County, the judge of that court issued on April 15, 1939, an injunction restraining said Stafford and his attorneys as prayed for until such time as cause No. 2211 in Dawson County could be heard and determined. The appeal is from this order.

The nature of the suit by Powell in the Dawson District Court appears to be in substance that he rented from Stafford 133 acres of land "for the term beginning the 20th day of March, 1938, and ending the 31st day of December, 1938." That on June 21, 1938, Stafford by force, threats and over his protests and without any legal cause or excuse whatsoever entered upon said land and took possession of the premises and tenant's crops.

In part he alleges:

"That defendant [Stafford] upon said date plowed up plaintiff's crop of beans and thereafter had all government acreage reduction contracts in connection with said farm for the year 1938 placed in the name of defendant [Stafford] as producer and entitled to all said government checks; $150 was due plaintiff as renter of said farm and by reason of defendant's action therein plaintiff was damaged $150 in actual damages.

"That defendant [Stafford] from said 21st day of June, 1938 until the 27th day of October, 1938, the date this suit was filed and writ of sequestration was issued, continuously withheld possession of said 133 acres of land from plaintiff and prevented plaintiff from further carrying out his obligations under said contract and plaintiff was at all times during said period ready and willing to carry out his obligations under said contract and would have carried out his said obligations fully had he been permitted to do so by defendant."

Powell further alleges that after taking possession of said premises and crops the defendant Stafford "produced the feed and cotton which was sequestrated in this cause." That he (Powell) was ejected from said premises in "an angry and threatening manner, cursed and abused," etc. Wherefore, he prays for the recovery of the above $150, "government money", as actual damages, and $1,000 additional as exemplary damages, etc.

Powell further alleges that on the 23rd day of March, 1939, long after the filing of his suit in Dawson County and the service of process therein on the defendant Earl E. Stafford, the latter filed his suit in the District Court of Howard County against plaintiff, said Lawyers Lloyds and Gus White, Sheriff of Dawson County, and caused citation to be served on the defendants therein to appear on April 17, 1939, to answer the Howard County cause. In this suit Stafford denied that Powell was entitled to the possession of the alleged rented premises and the crops raised thereon, charged the sequestration to be wrongful and fraudulent, and in different counts as against the respective defendants sought damages in the sum of $1,500 for the wrongful conversion of his crops, together with $1,000 as exemplary damages.

In seeking this injunctive relief, plaintiff Powell proceeds upon the theory that said two causes of action in the two conflicting trial courts involved the same transaction. That in substance and effect they are the same. His interpretation of them is stated

**1206**

in his first amended original petition in this language:

"The issues of fact and of law involved in this cause (Dawson County suit) and said other cause filed by Earl E. Stafford in the District Court of Howard County are identical * * *."

"Plaintiff [Powell] states that he has a valuable legal right in his right to have this cause tried in this county and judgment rendered herein, and unless this court grants its writ of injunction ordering and restraining Earl E. Stafford to desist from further prosecution of his cause in the ·District Court of Howard County, Texas, plaintiff will suffer irreparable injury for which he has no other remedy at law."

Under such pleadings and theory, the appellant Stafford attacks the judgment of the trial court by a single proposition of law stated thus: "In the absence both of allegations and of evidence that plaintiff resorted or attempted to resort to his remedy at law, the filing of a plea in abatement in the suit in the District Court of Howard County, on account of pendency of the prior suit in the District Court of Dawson County, and of any showing that such remedy would in the peculiar circumstances of the case be inadequate, such injunction was wrongfully issued by the trial court."

Cited in support of this proposition is the opinion of our Supreme Court (by Judge Smedley) in Powers v. Temple Trust Co., 124 Tex. 440, 78 S.W.2d 951, 952. The authority is believed to be in point. Under substantially similar facts the holding of that court is stated in part in this language: "In view of the absence both of allegations and of evidence that plaintiff in error resorted or attempted to resort to his remedy at law, the filing of a plea in abatement in the second suit on account of the pendency of the first suit, and in the absence of any showing that such remedy would in the peculiar circumstances of the case be inadequate, the Court of Civil Appeals did not err in dissolving the injunction."

Under the theory above set forth and reflected by Powell's pleadings and testimony, that opinion rules this case. In this connection, we also cite Hill v. Brown, Tex. Com.App., 237 S.W. 252; New Amsterdam Casualty Co. v. Harrington, Tex.Civ.App., 297 S.W. 307; West Texas Utilities Co. v. Farmers' State Bank in Merkel, Tex.Civ. App., 68 S.W.2d 648. If we are correct in this conclusion, it follows that the judgment of the trial court must be reversed and the cause remanded.

After a careful study of the pleadings in the respective suits, we are constrained to say that there is some doubt in our minds that the two suits are identical as asserted by Powell, the plaintiff in the first one. That the two suits present in substance and effect the same cause of action is, in our judgment, highly debatable, but since it may be possible under circumstances with which this court is not acquainted to present such identity by properly amended pleadings, we offer this observation in view of the fact that the cause is being remanded. The following authorities discuss the various tests of identity or substantial identity in parties and causes of action alleged to exist in different suits. Northwest Engineering Co. v. Chadwick Mach. Co., Tex.Civ.App., 93 S.W. 2d 1223; Thomas Goggan & Bros. v. Morrison, Tex.Civ.App., 163 S.W. 119; Sparks v. National Bank of Commerce, Tex.Civ. App., 168 S.W. 48; Benson v. Fulmore, Tex. Com.App., 269 S.W. 71; 1 Am.Jur. p. 35, § 28, p. 41, § 37, p. 27, § 14; 1 Tex.Jur. p. 93, § 67, et seq.; 1 C.J. p. 70, § 92, et seq.

For the reasons assigned, the judgment of the trial court is reversed and the cause remanded.