### STAFFORD v. LAWYERS' LLOYDS OF TEXAS.

### No. 2410.

Court of Civil Appeals of Texas. Eastland.

Oct. 8, 1943.

Thomas & Thomas, of Big Spring, for appellant.

Sullivan & Sullivan, of Big Spring, for appellee.

LESLIE, Chief Justice.

On May 7, 1942, Earl E. Stafford instituted this suit against Lawyers' Lloyds (incorporated) of Texas to recover damages growing out of the alleged wrongful levy of sequestration, replevy, etc. Lloyds answered by plea in abatement, res adjudicata, etc. The Court heard the evidence and sustained the pleas, and this appeal by Stafford follows.

This suit is an outgrowth of litigation beginning in 1938 and continuing since such time and involving about three other trials in other actions, an injunction proceeding, two appeals to this court and the instant suit. In order that the questions involved may be more easily understood, the history of the litigation will be briefly stated.

In 1938, Earl E. Stafford, the owner, rented a farm to H. C. Powell, and during the rental year controversies arose between the landlord and the tenant, giving rise to litigation.

October 27, 1938, H. C. Powell filed cause number 2211 in the District Court of Dawson County against said Stafford, setting up rental agreements and his alleged dispossession later by Stafford. In that cause Powell sequestrated the property involved and thereafter replevied the same with Appellee Lloyds as surety on a $2,000 bond in each proceeding. The liability of the surety on such bonds is the main question involved in the instant suit, which will be referred to by its District Court number, 4467.

Stafford answered in the original suit, 2211, and alleged wrongful sequestration by Powell, but Stafford dismissed his cross-action therein prior to any trial on the merits. At the first trial of cause 2211 there was judgment on instructed verdict for Stafford, but the court set the judgment aside.

May 23, 1939 (before another trial in 2211), Stafford proceeded to institute suit (No. 3615) in District Court of Howard County against said Powell, White, the sheriff of Dawson County, and surety Lloyds, alleging said sequestration in 2211 wrongful, based on false affidavit, both defective in form and substance, bad faith and all done for a purpose of harassing Plaintiff Stafford. In alternative, Stafford alleged conversion of his property by Powell and said sheriff after executing the writ of sequestration; and further alleged in second alternative that Powell himself converted the property. The suit in Howard County will be referred to by its number (3615) in discussing its relation or bearing on the instant suit, 4467.

April 15, 1939, Powell filed an amended petition in 2211 (Dawson County) asking for injunction restraining Stafford from prosecuting cause 3615 in Howard County until the original cause, 2211, in Dawson County could be tried. He alleged identity of said causes of action, and the trial court granted the injunction, but the order was appealed from and reversed in this court June 9, 1939, Stafford v. Powell, Tex.Civ.App., 129 S.W.2d 1204. Lloyds was also surety on the injunction bond for $100.

In November 1939 cause 2211 in Dawson County was tried a second time on its merits, and judgment resulted in favor of Powell for possession of crops and actual and exemplary damages against Stafford. Stafford appealed, and that judgment was reversed in this court January 31, 1941. 148 S.W.2d 965.

In the meantime, on January 6, 1940 (before 2211 was reversed January 31, 1940), cause 3615 in Howard County was tried on its merits. In that cause Lloyds urged a plea of privilege, and the trial court indicating his purpose to sustain the same, the plaintiff Stafford moved to take a nonsuit as to Lloyds and the Court granted the same. That trial (of 3615) proceeded against Powell and White, the Dawson County sheriff who executed the writ of sequestration, etc. On a jury verdict in response to numerous special issues, the

Court entered a judgment against the plaintiff Stafford and in favor of Powell, the principal on said bonds, and White the sheriff. No appeal was taken by Stafford from that judgment, and the same became final. That judgment is alleged to be res adjudicata of the instant cause (4467) and in bar of recovery therein.

That cause 3615, alleged, (1) the allegations and affidavit for said sequestration were unlawful, false and fraudulent, (2) sequestration bond defective and not conditioned as required by law, (3) any levy thereof void, (4) affidavit and sequestration intended to harass said Stafford and take from him his livelihood and force him to settle certain claims or controversies between him and said Powell. The pleadings alleged the value of the property unlawfully seized and sought actual and exemplary damages.

In the alternative, Stafford alleged that if the sequestration proceeding was not wrongful and unlawful, then Powell and White converted said property; and further, in the alternative, that if White and Powell did not convert the same then Powell did so.

In his petition in cause 3615 Stafford states in substance the gist of his law suit as follows: "Plaintiff alleges that the disposition of the property taken away from the Plaintiff herein by virtue of the Writ of Sequestration as hereinbefore set out was disposed of wrongfully, fraudulently, maliciously and in bad faith and detrimental and inconvenient to the Plaintiff herein." His allegations are very extensive, alleging damages by reason of wrongful sequestration of his property on the part of Powell et al., and it is deemed unnecessary to prolong this opinion with detailed statements of pleadings to the above effect.

From the foregoing and the record generally, is the judgment in cause 3615—decided against Stafford January 6, 1940, and unappealed from by him—res adjudicata of 4467, the instant suit, filed by Stafford against Lloyds only? As stated in the outset, Lloyds was merely the surety on the sequestration and replevy bonds executed by Powell, the principal.

In the instant suit Stafford brings forward and alleges the following facts and circumstances: That on January 31, 1941, cause 2211 was reversed in this court. 148 S.W.2d 965. That Powell, the appellee therein and plaintiff below, failed for more than a year thereafter to pay the costs and take out a mandate. That on March 20, 1942, Stafford obtained a certificate to the above effect from the Clerk of this Court and filed it in 2211 in the trial court (Dawson County) and had the cause dismissed on his motion April 13, 1942.

Immediately after such dismissal Stafford filed the instant suit (4467) on May 7, 1942, against appellee Lloyds, said surety on the original sequestration and replevy bonds.

In cause (4467) Stafford alleged, in substance, that by reason of Powell's failure to prosecute his cause 2211 in the District Court of Dawson County and allowing same to be dismissed through his failure to have mandate issued after judgment was reversed and cause remanded, he (Stafford) was entitled to have the crops taken from his possession in cause 2211 under said sequestration and replevy restored to him or have damages therefor and he asked for recovery upon the sequestration bond, and in the alternative for recovery upon the replevy bond.

In the essential allegations of his petition (4467), Stafford alleges "such sequestration was wrongful". That said Powell allowed his cause (2211) to be dismissed without obtaining "final judgment for title and possession of the said property". That he, Stafford, is now entitled to recover from said Lloyds, surety on said bonds, the value of said crops as of the present time, $3,000; and in the alternative, as of the time of the wrongful levy, $2,000. He further alleges in the alternative that each of said sums constitute a liability against Appellee Lloyds first on the sequestration bond, and second, on the replevy bond.

■ After a careful study of the pleadings in the instant cause (4467) and in cause 3615, in which judgment went against Stafford, we readily reach the conclusion that the two causes of action are in substance and purpose the same. If there be any variation in the pleadings, the difference is immaterial. The common or determinative issue in each cause is the same, namely, damages proximately resulting from the wrongful issuance and execution of the writ of sequestration at the instance of Powell. That issue goes to the foundation and existence of each cause of action. The unappealed judgment of January 6, 1940, in cause 3615 determined that and kindred issues against Stafford. Lloyds, Incorporated, being merely the surety for

464

Powell on his sequestration and replevy bonds, its liability was derivative or dependent on the liability of Powell, the principal, and since Powell was exonerated from all liability for said wrongful sequestration by said judgment, that result absolves Lloyds from any secondary liability asserted by the instant suit.

■ While a judgment in favor of or against a party to one suit cannot, as a general rule, be res adjudicata in any respect in a subsequent suit arising with one who was a total stranger to the first proceeding, nevertheless this rule is not without its exception. Thus it has been held, and it is a well settled rule of law, that when judgment has gone against the plaintiff and in favor of the defendant (as in cause 3615), a person whose liability (Lloyds') is dependent upon that of the defendant (Powell in 3615) may plead the judgment in bar when subsequently sued on the same demand by the plaintiff. Eastland County v. Davisson, Tex.Com.App., 13 S.W.2d 673, affirming Tex.Civ.App., 6 S.W.2d 782; McFaddin, Wiess & Kyle Land Co. v. Texas Rice Land Co., Tex.Civ. App., 253 S.W. 916, affirmed Tex.Com.App., 265 S.W. 888; Sonnentheil v. Moody, Tex. Civ.App., 56 S.W. 1001; Sonnentheil v. Texas Guarantee & Trust Co., 23 Tex.Civ. App. 436, 56 S.W. 143; Mayfield Co. v. Rushing, 133 Tex. 120, 127 S.W.2d 185, 124 A.L.R. 1210; 26 Tex.Jur. page 19, sec. 355; page 156, sec. 427.

The rule herein employed is stated in Eastland County case as follows [13 S.W. 2d 676]: "It is also urged that, as there are different parties to the second suit, a judgment in the first would not be res adjudicata in the second. Ordinarily, this would be true, but there is a well-defined exception to the rule thus invoked to the effect that a plea of res adjudicata, based upon the result of a former suit, is available to one, though not a party to that suit, who rests under a secondary or derivative liability which must have been considered and determined in the former litigation." Citing many authorities.

Our interpretation of the two causes of action (3615 and 4467) requires the application of this rule.

For other authorities establishing the correctness of the trial court's judgment under the facts of this case, see Harrison v. First National Bank of Lewisville, Tex. Civ.App., 224 S.W. 269, modified on another point, Tex.Com.App., 238 S.W. 209;

Barnett v. Eureka Paving Co., Tex.Com. App., 234 S.W. 1081; Rothschild Bros. Hat Co. v. Lotief, Tex.Civ.App., 3 S.W.2d 497; 26 Tex.Jur. page 191, par. 443; page 109, par. 406.

When Stafford filed his motion and had cause 2211 dismissed April 13, 1942, he as plaintiff had already lost in cause number 2615, where judgment went against him January 6, 1940, adjudicating the material and controlling issues of this suit (4467) adversely to him. The dismissal of said cause 2211 under the circumstances does. not affect the results herein. The judgment of the trial court is affirmed.