**Donald B. YARBROUGH, Appellant,**

v.

**Rex L. COOPER et al.,
Appellees-Appellants,**

v.

**GREATER HOUSTON BANK, Appellee.**

No. 1556.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 20, 1977.

Appellant's (Donald B. Yarbrough) Rehearing Denied Jan. 11, 1978.

Michael Anthony Maness, Jefferson, Maness, Valdes & Mims, Houston, for appellant Donald B. Yarbrough.

Grant Cook, Charles A. Moore, Reynolds, Allen & Cook, Houston, for appellees/appellants Rex L. Cooper, et al.

T. D. Smith, Houston, for appellee Greater Houston Bank.

CIRE, Justice.

This double appeal is from a judgment (1) rescinding certain transactions for the purchase of bank stock; (2) awarding actual and exemplary damages for failure to provide a tax shelter; and (3) recognizing the existence of a constructive trust and creditor's lien on shares of bank stock, but refusing to enforce the trust and foreclose the lien.

Plaintiff R. L. Cooper and intervenor D. W. Ford sued defendants D. B. Yarbrough and Greater Houston Bank, alleging *inter alia* that Yarbrough had fraudulently induced Cooper and Ford to enter into and fund a transaction for the purchase of a controlling interest in the stock of Commercial Bank of Victoria, Texas; that Yarbrough used funds advanced by Cooper and Ford to purchase the stock in his own name and that Yarbrough wrongfully surrendered the stock to Greater Houston Bank as security for a loan to purchase the stock. Cooper additionally sued Yarbrough (a licensed attorney at the time of these transactions) for legal malpractice by failing to provide Cooper with a tax shelter.

Cooper and Ford prayed for (1) rescission of the transactions with Yarbrough for the purchase of the bank stock or, in the alternative, for actual and exemplary damages which accrued as a result of Yarbrough's fraud, and (2) recognition and foreclosure of a constructive trust and creditor's lien upon 1,699 shares of the Victoria Bank stock (or the value thereof) in Greater Houston Bank's possession. Cooper further prayed for actual and exemplary damages against Yarbrough for alleged legal malpractice in failing to provide Cooper with a tax shelter.

The jury awarded no damages to Cooper on the fraud claim but awarded $43,000.00 in actual damages and $37,500.00 in exemplary damages on the malpractice claim. The jury did not award any damages to Ford on the fraud claim, but the court granted Ford's motion for judgment on his claim for rescission and awarded him the sum of $18,466.78.

## APPEAL OF YARBROUGH

Yarbrough appeals, asserting nine points of error relating to the judgment rendered in favor of R. L. Cooper and D. W. Ford. Yarbrough's first point of error alleges that the unconditional, unambiguous release of liability signed by Cooper in favor of Yarbrough bars Cooper's recovery on the malpractice claim as a matter of law. The release was affirmatively pled as a defense only as to count one (fraud) and not as to court two (malpractice), but counsel for Yarbrough alleges that Cooper and Ford waived the requirement that the release be pled as to the malpractice count when they introduced the release into evidence without limitation. Indeed an examination of the pertinent cases discloses that such an unqualified introduction puts the

document in evidence for all purposes. *Reilly v. Alamo Gas Supply Company*, 362 S.W.2d 337, 338 (Tex.Civ.App.-Waco 1962, no writ). However, due to the affirmative nature of the defense, it was incumbent upon Yarbrough specifically to introduce evidence and to request special issues as to the alleged release of the malpractice claim. This Yarbrough failed to do, and, as a consequence, he has waived such defense as to the malpractice claim. *Glens Falls Insurance Co. v. Peters*, 386 S.W.2d 529, 531 (Tex.Sup.1965); *CNL Financial Corp. v. Hewlett*, 539 S.W.2d 176, 177 (Tex.Civ.App.-Beaumont 1976, writ ref'd n. r. e.); *Conrad v. Judson*, 465 S.W.2d 819, 827 (Tex.Civ.App-Dallas 1971, writ ref'd n. r. e.), *cert. denied*, 405 U.S. 1041, 92 S.Ct. 1312, 31 L.Ed.2d 582 (1972); *See* Tex.R.Civ.P. 279.

■ Yarbrough, in his brief, additionally asserts that the release issues were tried by implied consent with respect to the malpractice count. His contention is without merit.

> Implied consent is shown when the evidence upon the extrinsic issue is developed under circumstances making clear that the parties understood such issue was in the case, and without either party having urged the pleading defect by obtaining a ruling on an objection to the evidence, a motion to strike the evidence, a motion for instructed verdict, an objection to the charge, or other appropriate complaint, within the time allowed by the rules.

2 McDonald, Texas Civil Practice, *Pleading* § 5.18, at 56 (rev. ed. 1970) (see cases cited therein). Evidence concerning the release was admissible on the fraud count, and would not have been subject to objection by Cooper or Ford when offered. There is nothing in the record to indicate that the parties understood that the release issue was in the case as to the malpractice count.

■ Yarbrough, in points of error two through seven, claims that as to the Cooper judgment there is no evidence or insufficient evidence to support the jury's answer to special issues number twenty-five, twenty-six or twenty-eight. In analyzing Yarbrough's no evidence points, we must view the evidence in the light most favorable to the verdict, "considering only the evidence and inferences which support the findings, and rejecting the evidence and inferences contrary to the findings." *Rourke v. Garza*, 530 S.W.2d 794, 799 (Tex.Sup.1975). When viewing Yarbrough's insufficient evidence points, we must consider all of the evidence, and we may set the verdict aside only if it is so contrary to the overwhelming weight of all the evidence as to be clearly wrong or manifestly unjust. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex.L.Rev. 361 (1960). After examining the record according to the aforementioned tests we are of the opinion that the trial court acted properly in giving full force and effect to the jury's findings.

■ The jury, in special issue number twenty-five, found that Yarbrough's failure to provide professional legal advice was the proximate cause of damage to Cooper. There is evidence in the record that Yarbrough in his capacity as an attorney agreed to handle Cooper's tax problems, that Cooper relied on such representation and that on more than one occasion Yarbrough assured him that he had the solution, but Yarbrough did nothing. There is further testimony in the record that but for his reliance on Yarbrough's promises, Cooper would have sought and obtained advice elsewhere.

■ In response to special issue number twenty-six, the jury awarded $43,000.00 in actual damages. Appellant argues that the evidence did not establish that Cooper had suffered any damages because there was no proof that the investments he would have made in order to avoid a tax liability of $43,000.00 would necessarily have been profitable; he maintains that such an investment could just as easily have resulted in a loss of $43,000.00 or more. This argument fails because the proof is that Yarbrough's actions destroyed any opportunity that Cooper had for investment. The money, so to speak "went down the drain." It could have gone into a real estate investment which the witness B. Clendening said

would not only produce income but would also provide a tax advantage. J. Kamp, the C.P.A. who prepared Cooper's 1974 income tax return, reviewed the Clendening proposal and testified that in his opinion, had Cooper made such an investment, Cooper would not have paid any income tax for 1974 and could have had a loss carry-over for 1975. Therefore, but for Yarbrough's acts or failure to act, Cooper would have had his investment and saved in excess of $43,000.00. We believe this evidence was sufficient to support the jury's answer to special issue number twenty-six.

Yarbrough does not challenge the amount of exemplary damages as found in special issue number twenty-eight, but claims that no exemplary damages can be awarded where actual damages have not been proven. Since we find no error in the award for actual damages, we find no error in the award for exemplary damages.

Yarbrough asserts two points of error against the judgment rendered in favor of D. W. Ford. The jury found that Yarbrough had defrauded Ford, but, nevertheless, awarded no damages to Ford. After the return of the verdict, Ford presented his motion for judgment on the rescission remedy. The court granted the motion on the basis of "the stipulations of the parties during the trial, the verdict of the jury, the undisputed facts . . . and all facts heard by the court, but not submitted to the jury . . . ." The court ordered Yarbrough to pay Ford $18,466.78 and additionally rendered a take-nothing judgment on Yarbrough's cross-action and counterclaim.

■■■ Yarbrough's complaint is that the jury found no damages in answer to special issue number ten because Ford introduced no evidence as to the actual fair market value of the stock purchased from Yarbrough by Ford. Appellant cites Section 27.01(b) of the Texas Business and Commerce Code which provides that "[t]he measure of actual damages is the difference between the value of the . . . stock as represented or promised, and its actual value in the condition in which it is delivered at the time of the contract." Appellant's state-

ment of the law is correct, and would apply but for the dual theory upon which Ford was seeking a recovery. The rescission claim is independent of the jury's findings with regard to damages on the fraud issue. *See Dallas Farm Machinery Company v. Reaves*, 158 Tex. 1, 307 S.W.2d 233, 238–39 (1957); *see also Reynolds Brothers, Incorporated v. Dodson*, 380 S.W.2d 678, 681–82 (Tex.Civ.App.-Corpus Christi 1964, no writ). Additionally, the injury sustained by the victim need not be restricted to a monetary loss. *Russell v. Industrial Transp. Co.*, 113 Tex. 441, 258 S.W. 462 (1924). This point is also overruled.

## APPEAL OF COOPER

R. L. Cooper appeals from the judgment granted Greater Houston Bank. The trial court, although recognizing that a constructive trust existed with regard to 1,699 shares of stock in the Commercial Bank of Victoria, Texas, nevertheless refused to enforce the constructive trust. Appellee Greater Houston Bank asserts one cross-point of error, claiming that the trial court erred in recognizing the existence of a constructive trust, but, in its counterpoint, appellee recognizes the court acted properly when it refused to enforce the trust. We agree with the trial court's ruling that enforcement should be denied. Cooper's release bars his claim for enforcement of a constructive trust against Greater Houston Bank. By so holding, we deem it unnecessary to examine the court's holding that a constructive trust indeed existed.

■■■ On June 26, 1974 Cooper advanced $100,000.00 to Yarbrough to acquire bank stock. On August 22, 1974 a contract to purchase bank stock in the Commercial Bank of Victoria, Texas was executed. The closing date was designated as September 9, 1974, but a conflict exists in the record as to the exact chronology of the transfer of the bank stock and execution of the note in favor of Greater Houston Bank. Cooper claims he is the beneficiary of a constructive trust, and, as such, he became a lien creditor of the shares of the bank stock pursuant to Subsections (a) and (c) of Sec-

tion 9.301 of the Texas Business and Commerce Code. Lien creditor status would give Cooper priority over a subsequently perfected security interest. *See Meadows v. Bierschwale*, 516 S.W.2d 125, 133 (Tex. Sup.1974). Greater Houston Bank claims, on the other hand, that its security interest in the bank stock was perfected when it took possession of the stock upon closing. *See* Tex. Bus. & Comm. Code Ann. §§ 9.302–.305 (Supp.1976–77).

 We need not decide this conflict of priorities. The release executed by Cooper bars his claim against Greater Houston Bank. Yarbrough properly pled the affirmative defense of release with regard to count one, the fraud claim. The jury found in favor of Yarbrough on that particular point. As a result, Cooper has no claim against Yarbrough for fraud arising out of the transactions to purchase the bank stock. Cooper's claim for a constructive trust on the bank stock is dependent upon his ability to successfully sue Yarbrough. The release vitiates that claim. *See Hart v. Traders & General Ins. Co.*, 144 Tex. 146, 189 S.W.2d 493, 494 (1945); *cf. Spradley v. McCrackin*, 505 S.W.2d 955 (Tex.Civ.App.-Tyler 1974, writ ref'd n. r. e.); *Sonnentheil v. Texas Guarantee & Trust Co.*, 23 Tex.Civ.App. 436, 56 S.W. 143 (1900, no writ).

All points of error asserted by both appellants have been carefully considered and are overruled. The judgment of the trial court is affirmed.

Affirmed.