**ROTHSCHILD BROS. HAT CO. v. LOTIEF.**
(No. 406.)

Court of Civil Appeals of Texas. Eastland. Feb. 24, 1928.

1. Judgment ⬦550—Decision in garnishment proceedings, from which no appeal was taken, that supporting judgment was valid, held res judicata of judgment's validity (Rev. St. 1925, art. 4076, subd. 3, and art. 4084).

Where in garnishment proceedings under Rev. St. 1925, art. 4076, subd. 3, judgment debtor under article 4084 contested proceedings on ground that the supporting judgment was not final or valid, judgment rendered in the garnishment proceedings upholding the prior judgment *held* res judicata of question of prior judgment's validity in subsequent suit in nature of bill of review to set it aside, where no appeal was taken from judgment in garnishment proceedings.

2. Judgment ⬦713(2)—Doctrine of res judicata applies to matters actually presented and which parties might have litigated at trial.

Decision of court of competent jurisdiction is conclusive both as to subject-matter determined and other matters which parties might have litigated by exercising reasonable diligence.

Appeal from County Court at Law, Eastland County; Tom J. Cunningham, Judge.

Suit in the nature of a bill of review by J. A. Lotief against Rothschild Bros. Hat Company to set aside a judgment. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

M. McCullough, of Eastland, for appellant.

Chastain & Judkins, of Eastland, and Sam K. Wasaff, of Ranger, for appellee.

LESLIE, J. This appeal is from a judgment rendered in the county court at law, Eastland county. The suit was in the nature of a bill of review by J. A. Lotief against Rothschild Bros. Hat Company, a corporation, to set aside the judgment theretofore recovered by it in the same court against Lotief in cause 4244, and to recover the amount collected by execution on the judgment. Among other defenses in the instant suit was one of res adjudicata. The prior judgment was set aside and judgment rendered for the plaintiff, Lotief, in this cause.

A careful examination of this record discloses that by pleadings and proof the same issues involved in this cause were litigated between the same parties in a garnishment suit, ancillary to said prior cause 4244. That garnishment rested upon an alleged "valid, subsisting judgment" (article 4076, subd. 3, R. S. 1925) and impounded funds belonging to Lotief. He replevied and appeared and answered in the garnishment suit, endeavored to quash the writ and affidavit for various reasons, and, further answering to the merits, contested the same on the ground that the supporting judgment was not final or valid. A trial was had and a judgment rendered adverse to Lotief's contentions. He excepted and gave notice of appeal, but did not perfect and prosecute the same. The issues of fact and law were resolved against him and in favor of the hat company. In part, that judgment reads:

"The court finds that the judgment in the main cause entered November 13, 1925, is in all things valid and that the defendant, J. A. Lotief, has had his day in court and has had a full and fair opportunity to present his defenses therein and that his failure to present his defenses is a result of his own inexcusable neglect and that such failure was not due to any fault upon the part of the court or the clerk or of the plaintiff in this cause."

[1, 2] By this suit Lotief seeks to again litigate with the hat company the issues that were fully litigated and adjudicated in the garnishment suit. Having appeared there, as he had a right to do (article 4084, R. S. 1925; Ball v. Bennett, 21 Tex. Civ. App. 399, 52 S. W. 618; Missouri Pacific Ry. Co. v Whipsker, 77 Tex. 14, 13 S. W. 639, 8 L. R. A. 321, 19 Am. St. Rep. 734), and assumed the burden of presenting the garnishee's defenses, as well as those peculiar to himself, challenging the validity of the judgment, etc., and judgment having gone against him, he was obliged to perfect and prosecute his appeal in order to relieve himself from its binding effect. This he failed to do, and the judgment became conclusive of the issues involved in this suit.

As said by our Supreme Court in Nichols v. Dibrell, 61 Tex. 541:

"It is well settled that the decision of a court of competent jurisdiction is conclusive, not only as to the subject-matter determined, but as to every other matter which the parties might have litigated in the case and which they might have had decided. Danaher v. Prentiss, 22 Wis. 316; Bates v. Spooner, 45 Ind. 493; Leguen v. Gouerneur, 3 Johns. Cas. 605 [1 Johns. Cas. (N. Y.) 436, 1 Am. Dec. 121]; Shettlesworth v. Hughey, 9 Rich. [S. C.] 387. Or, as differently expressed, 'the plea of res judicata applies not only to points upon which the court was actually required to pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, by exercising reasonable diligence, might have

brought forward at the time.'" Freeman on Judgments, Vol. 2, Sec. 774.

The same author in section 839, vol. 2, says:

"The judgment in garnishment proceedings has all the qualities of finality and conclusiveness of a judgment rendered in any other civil suit, as against the parties to it, though of course only as to the matters determined by it."

In 28 C. J. § 624, it is stated:

"A judgment against the garnishee is conclusive against defendant's claim of exemption where defendant litigated the question in the garnishment proceedings and acquiesced in the adverse decision by not taking steps to have it reviewed"—citing Whiteselle v. Jones (Tex. Civ. App.) 29 S. W. 405, and Cunningham v. Kansas City Ry. Co., 60 Kan. 268, 56 P. 502.

The principles upon which res adjudicata rest are too well known to require the citation of authorities. That defense was pleaded in the trial court, the supporting testimony documentary and conclusive, and the judgment of the trial court disregarding the same is complained of by proper assignments. These assignments are sustained.

The judgment of the trial court is reversed, and judgment is here rendered in favor of the Rothschild Bros. Hat Company. It is so ordered.