### STEVENSON v. FISK et al.
### No. 1175.

Court of Civil Appeals of Texas. Eastland.
Nov. 10, 1933.

J. McAllister Stevenson, of Abilene, and Walter Carter, of Sweetwater, for appellant.

W. E. Lessing, Wagstaff, Harwell, Wagstaff & Douthit, and Lee R. York, all of Abilene, and Poage & Neff, of Waco, for appellees.

HICKMAN, Chief Justice.

This suit was instituted primarily upon promissory notes. A great many persons and corporations were named as parties defendant, and recovery was sought as to them on various grounds and theories. To make a clear statement of the different issues involved below would lengthen this opinion to an unprecedented extent. The law questions presented can be determined without a full statement, and we shall, therefore, pass on the assignments, making only such statements in connection therewith as are deemed necessary for an understanding of our holdings. The judgment rendered was lengthy and somewhat complicated, but the essence of it is set forth in appellant's brief, from which we quote as follows: "After trial on October 20th, 1932, before the court without a jury the court rendered its judgment and decree providing that defendants Reporter Publishing Company, Harvey Fryar, B. G. McKie, A. Garland Adair, L. C. Johns, L. P. Walter, R. C. Winters, John R. Hutto and B. R. Coats go hence without day; for judgment and foreclosure of lien in favor of defendant LaCross as prayed; for judgment and foreclosure of lien in favor of defendant Davis Brothers Publishing Company as prayed; for judgment in favor of plaintiff and against Times Publishing Company on the 1928 note for $1,500.00 establishing same as against certain defendants as being a first and prior claim against the assets of Times Publishing Company; for the appointment of Frank E. Smith as receiver of said corporation; finding what property was delivered to Record Publishing Company as payment for stock subscribed, and holding same to be a de facto corporation; finding the sale to Record Publishing Company to have been properly made and denying any damages for conversion of the property; finding the notes held by York to be the consideration for the sale and holding them to be a valid obligation of Record Publishing Company, and ordering them delivered to the receiver; denying any damages for conversion against W. S. Foster and Foster Publishing Company; giving judgment for the receiver against J. A. Neill for $1,500.00 and against U. H. Morgan for $1,000.00; denying Lee R. York his counter claim for attorney's fees; denying plaintiff any foreclosure of the lien of the Kent Mortgage; denying plaintiff any recovery as against G. Fisk, and denying G. Fisk any recovery on the set-off or counter claim and providing that any creditor of Times Publishing Company may file his claim with the receiver, who shall report to the next term of court."

From this judgment the plaintiff below has prosecuted an appeal.

There were 191 assignments of error filed in the trial court, and 92 of them are briefed in this court. The pleadings of the respective parties cover more than 150 pages of the transcript. We are furnished a very exhaustive brief by appellant, but appellees have filed no briefs, except as hereinafter noted.

A preliminary question is presented by appellant's objection to our consideration of the only brief filed by any of the appellees. This brief was filed several days after the case was submitted, and no showing appears in the record of good cause why same was not sooner filed. The brief does not undertake to answer the assignments of error presented by appellant, but contents itself with a discussion of a single question, about which we are not in doubt. We, there-

fore, grant the motion not to consider this brief.

■ The first error is predicated upon the alleged failure of the trial court to file his findings of fact and conclusions of law within the time prescribed by statute. Article 2247, R. S. 1925, as amended by Acts 42d Leg. (1931) c. 76, p. 118, § 1 (Vernon's Ann. Civ. St. art. 2247), reads as follows: "When demand is made therefor, the Judge of a District or County Court thirty days before the time for filing transcript in the cause shall prepare his findings of fact and conclusions of law in any case tried before the Court. If he shall fail so to prepare them, the party so demanding, in order to complain of the failure, shall, in writing, within five days after such period, call the omission to the attention of the Judge, whereupon the period for due preparation and filing shall be automatically extended for five days after such notification."

The statement under this assignment discloses that the omission was not called to the attention of the judge after the expiration of the period in which the judge was granted by this article within which to file his findings and conclusions. The request was made before the full time allowed by the judge had expired. The article clearly provides that, in order to complain, the appellant must have called the omission to the attention of the judge after such period. Further, there is no bill of exceptions complaining of the action of the trial judge in this regard, and, therefore, the question is not properly presented to us for review. Landa v. Heermann, 85 Tex. 1, 19 S. W. 885; Texas & P. Ry. Co. v. Shawnee Cotton Oil Co., 55 Tex. Civ. App. 183, 118 S. W. 776; Frick v. Giddings (Tex. Civ. App.) 197 S. W. 330; Housewright v. Housewright (Tex. Civ. App.) 41 S.W.(2d) 1071.

■ The findings and conclusions were filed on December 5th. This court granted appellant an extension of time within which to file his transcript herein, and same was filed in this court on January 7th thereafter. We do not here decide the question as to whether the time for filing transcript under the article above quoted would relate to the time under a grant of extension by this court, but we do hold that, under the record in this case, it affirmatively appears that appellant was not prejudiced by the delay of one or two days. He still had more than 30 days after the findings and conclusions were filed before the time expired for the filing of his transcript in this court; he presented many exceptions and objections to these findings, and in every way preserved every right which he would have obtained had there been no irregularity in the time of filing. This assignment, for all these reasons, is overruled.

■■ Assignments Nos. 2 to 43, inclusive, complain of different rulings of the trial court upon exceptions to the answers of various defendants. It would be unusual if errors were presented in rulings of this character in a case like this where the burden was upon appellant to prove a case, and the answers merely pleaded facts which in the main were admissible under the general denial contained in these answers, but we have concluded that we are not authorized to consider any of these assignments. The only judgment disclosed in the transcript overruling these various exceptions was entered nunc pro tunc at a subsequent term. The final certificate of the district clerk on the transcript was made on January 1, 1933, but there appears a judgment entered nunc pro tunc on January 3, 1933, overruling these different exceptions and demurrers. The record does not disclose any notice to any of the appellees, or any application by appellant for this nunc pro tunc judgment. A nunc pro tunc judgment entered at a subsequent term without notice to the parties affected thereby is not valid. Kile v. Arrington (Tex. Civ. App.) 16 S.W.(2d) 439, and authorities there cited; 25 Tex. Jur. p. 537, § 143.

■■ Assignments Nos. 44 to 60, inclusive, attack the court's findings and judgment from various angles. We have considered all these assignments, but it would be impracticable to set them all out in this opinion. A few of the more important ones will be noted. The forty-fourth assignment complains of the finding that the total consideration for the issuance of the capital stock of Record Publishing Company was the sale to it by appellee G. Fisk of a certain machine of the stated value of $4,000. The objection to this finding is that there was no pleading by any of the defendants as to the true consideration for such issuance, and that appellant himself pleaded a different state of facts. We overrule this assignment. It was not incumbent upon appellee Fisk in his answer to plead these facts, and the court was not bound by the pleadings of appellant. There is no statement of facts in the record and, in the absence thereof, we cannot sustain an assignment complaining of a fact finding.

Another of this group of assignments complains of the decree that Record Publishing Company was a de facto corporation, organized and existing under the laws of the state of Texas. We have no way of determining whether this finding was incorrect, because there is no statement of facts.

Another assignment complains of the failure of the trial court to hold that the charter of Record Publishing Company was void, as being obtained through fraud. In the absence of a statement of facts, we have no showing of any error in this holding. All

of this group of assignments are disposed of on the same ground. It is incumbent upon the appellant to show error, and, in the absence of a statement of facts, no error is disclosed in any of the particulars complained of by this group of assignments.

 The record discloses that appellant requested 60 additional findings of fact, and also filed 14 exceptions to those filed by the court. Assignments of error Nos. 61 to 92, inclusive, complain, in one way or another, of the action of the trial court on these requests and exceptions. We have read them in connection with the court's findings, and are unable to sustain any of them in the absence of a statement of facts. The court is not required to find the evidence, but only his conclusions from the evidence, and we cannot presume, in the absence of a statement of facts, that, when the court refused to find on certain issues, there was evidence in the record upon such issues.

There is no error pointed out by appellant, and. the judgment of the trial court will accordingly be affirmed.