**LOCALS NO. 1470, NO. 1469, AND NO. 1512 OF INTERNATIONAL LONGSHORE-MEN'S ASS'N v. SOUTHERN PAC. CO.**

No. 10437.

Circuit Court of Appeals, Fifth Circuit.

Dec. 7, 1942.

W. J. Durham, of Sherman, Tex., for appellants.

John P. Bullington, of Houston, Tex., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This is an action brought by appellants to recover from appellee alleged damages resulting from the breach of an employment contract. Appellee filed a motion to dismiss for failure of the complaint to state a cause of action; upon the hearing thereof the trial court received in evidence by stipulation two letters and a copy of the alleged contract of employment, and sustained the motion to dismiss.

The complaint alleged that the appellee, by written contract, employed certain union members for a period of one year to perform specified work under agreed working conditions and rates of pay, and wrongfully discharged them prior to the expiration of the contract; that appellee refused to arbitrate a disagreement as to the interpretation of the contract, in violation of the terms of the agreement; and that damages to appellants resulted from said .wrongful discharge. It is contended by appellants that the motion to dismiss necessarily admitted all facts well pleaded in the complaint, and that the facts properly set forth therein stated a valid cause of action.

For present purposes, it may be conceded that the complaint stated a valid cause of action; but the court below admitted documentary evidence by stipulation, and considered that evidence. This procedure without objection, enabled the court to go beyond the disclosures of the bill of complaint to the crucial point of law upon which the controversy turned.[1]

It is apparent that there was no dispute as to the facts in the court below, but that the decisive question was one of law involving the rights and obligations of the parties under their contractual agreement. The written contract did not create any relation of employment between the union

---

[1] Central Mexico L. & P. Co. v. Munich, 2 Cir., 116 F.2d 85; Gallup v. Caldwell, 3 Cir., 120 F.2d 90; 1 Moore's Federal Practice, 645-647; Rules 12(b) and 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following Section 723c.

members and the company; it merely obligated the company to give preference to such members whenever during the life of the agreement the company found it necessary to employ laborers for rigging the ships of the company in the harbors of Galveston and Houston, Texas, or for loading and unloading the cargoes thereof. Prior to the expiration of the agreement, and in response to an urgent call from the federal government, the company sold all of its ships to the United States, and retired from the shipping business. It was admitted that the basis of the allegation of wrongful discharge was the failure of the company to supply the union members with employment from and after the date of such acquisition of the company's vessels.

The contract imposed no obligation of any kind upon the company unless and until the company found it necessary to employ men for work on vessels belonging to it in the harbors specified. It was not alleged that the company was obligated to remain in business, or that it was forbidden to dispose of its ships. Subsequent to the sale of its vessels, the company was powerless to breach its contract with the unions, as it owed no obligations thereunder.

The judgment is affirmed.