## FISK v. STEVENSON.
### No. 2434.

Court of Civil Appeals of Texas. Eastland.

Jan. 14, 1944.

Rehearing Denied March 17, 1944.

W. E. Lessing, of Abilene, for appellant.

Sayles. & Sayles, of Abilene, for appellee.

LESLIE, Chief Justice.

J. McAllister Stevenson, judgment creditor of Record Publishing Company, a corporation, for $5,680.61, instituted this suit against G. Fisk to recover from him on unpaid stock subscription in said corporation. During pendency of suit G. Fisk died and Frances Fisk by amended petition was made sole defendant, she being the surviving wife of G. Fisk and entitled to the possession of the community estate.

As against G. Fisk the suit (following return of execution nulla bona on said judgment against the said corporation) asserted stockholder's liability for unpaid subscription under the terms of Art. 1345, Vernon's Ann.Civ.St., providing: "the plaintiff in execution may proceed by action to charge the stockholders with the amount of his. judgment, in accordance with the liability of the stockholders."

The trial before the court without a jury resulted in a personal judgment against Frances Fisk for the amount claimed in the outset against G. Fisk, and she appeals.

Two points on the overruling of special exceptions are presented, and questions of res adjudicata and limitation are raised. The controlling point asserts that the judgment is wholly unsupported by the evidence.

After a careful consideration of the record, we are unable to find any evidence of personal liability on the part of Frances Fisk. Certainly no such liability could be predicated on the bare fact that she is the widow of the deceased, and there is no evidence that she ever assumed the alleged obligation.

The evidence pretty clearly indicates that G. Fisk failed to pay by a considerable amount for all the stock for which he subscribed, but there is no evidence that he left any property, community or separate, which came into the hands of Fran-

ces Fisk and is properly applicable to his unpaid subscription. There is simply no evidence that he left any such property.

The suit is not an effort to charge Frances Fisk for an amount based on any unpaid subscription by her for the stock, but to obtain a judgment against her on the obligation asserted against the husband in his lifetime.

There is evidence that Frances Fisk subscribed for one $100 share in the alleged $20,000 corporation, but there is no evidence she did not pay for the share.

The judgment not being supported by any evidence and the case having been fully developed, the judgment will be reversed and here rendered in favor of the defendant. It is so ordered.

### On Motion for Rehearing.

In the light of the appellee's motion for rehearing, we have re-examined the record in this case. We are still of the opinion that the appeal was correctly disposed of on the original hearing and for the reasons there assigned. There are other reasons, presently to be stated, which require such disposition of the case.

What plaintiff designates in his petition as his "Second Cause of Action" against defendant Frances Fisk is the only one here involved. In such cause the plaintiff alleges that in G. Fisk's lifetime he (plaintiff) procured a judgment (December 18, 1935) of $5,680.61 against the Record Publishing Company, a corporation in which G. Fisk subscribed for $19,-800 worth of the stock and for which he failed to pay. He also alleged that after the death of G. Fisk on December 29, 1941, he (plaintiff) applied to the probate court for letters of administration on Fisk's estate, which application was denied on ground that no necessity for administration existed. That he appealed to the District Court, where a like judgment was entered and from which plaintiff did not then appeal but accepted such order.

The plaintiff recovered the $5,680.61 judgment against the Record Publishing Company December 18, 1935, and had execution or order of sale issued thereon about July 15, 1939, and the same was returned September 13, 1939, by the sheriff, who recited that he found no property subject to the lien and no property on which to make levy, etc. That by reason of such return (September 13, 1939) plaintiff became entitled to execution on his judgment against said G. Fisk. However, the plaintiff proceeded by suit, to charge stockholder Fisk with the amount of his judgment in accordance with the liability of such stockholder, as prescribed in the latter part of Article 1345, R.S.1925.

G. Fisk died on December 29, 1941, and Frances Fisk was made sole party defendant in said cause on March 12, 1941.

Among many things sought or prayed for in the instant suit, the plaintiff asked for "judgment against the defendant, Frances Fisk, for the full sum of Five Thousand Eighty and 61/100 Dollars, with interest * * *." The judgment against her was for said amount without limitations or qualifications, 10 per cent interest, costs, etc.

With this preliminary statement we come now to a consideration of the additional point, which requires the disposition previously made of this appeal. This point is based on res adjudicata.

The appellant here contends that all the *issues* involved in this cause were raised by pleadings and testimony in cause 1175 and determined by this court in an opinion by Judge Hickman in Stevenson v. Fisk et al., 65 S.W.2d 507; and also cause 2426–B (where judgment for $5,680.61 was obtained). That is, any possible liability of Fisk for unpaid stock subscription to said judgment creditor was adjudicated in said cause and determined against the plaintiff and cannot be again litigated, as here attempted.

The pleadings in this former case are very voluminous, the plaintiff's petition and two trial amendments thereof embracing 64 pages and presenting a multitude of claims and issues. We have brought these pleadings from the archives of this court, and have given them careful consideration, notwithstanding the briefs have pointed to no particular parts thereof as material to the issues here presented.

An examination of the pleadings in cause 1175 (65 S.W.2d 507) discloses that G. Fisk, Frances Fisk, the Record Publishing Company and others were defendants. Plaintiff's allegations claimed liability on many items, and as to G. Fisk's unpaid stock subscription it was alleged in substance that the Record Publishing Company was incorporated with a capital stock of $20,000, of which G. Fisk subscribed for 19,800 shares, and Frances Fisk one

share, and Harvey Fryar one share. That the affidavit of incorporation, stating the stock had been paid for, etc., was false, that the subscription was not made in good faith, and never paid for by said Fisk.

That the "proceeds of the purported sale of the property of Times Publishing Company (predecessor of the Record Publishing Company) is the 200 shares of stock in the Record Publishing Company described in paragraph XLV (petition in 65 S.W.2d 507); that the creditors of said corporation (Times) and the receiver to be appointed by this court have the right to elect to ratify such sale, and to receive from the Defendants Stockholders of the Record Publishing Company, the entire 200 shares of stock in said corporation, and further to recover from said Defendants Stockholders in the name of the corporation the *full amount of the purchase price subscribed by each of them as shown in paragraph XLV, to wit: the sum of $20,-000.00 with an accounting for all dividends* and profits received by them from said corporation during its existence arising out of the property of the said Times Publishing Company."

█ Enough has been set forth to reflect plaintiff's full knowledge and different theories concerning Fisk's alleged liability for unpaid stock subscription in the Record Publishing Company. In a sense he would appear to affirm Fisk's transactions and claimed the stock issued to Fisk, and in the alternative he pleaded further that Fisk failed to pay for the stock, and that he, as a judgment creditor of the corporation, was entitled to a judgment against said Fisks, etc. As stated, the plaintiff's petition in that cause presented many independent charges or items of liability against the Fisks, predicating the same in the main on alleged failure of each to pay for the stock for which he subscribed. Whatever the merits of the plaintiff's contentions in that cause (65 S. W.2d 507), the trial court, after what appears to have been a painstaking trial, rendered a judgment making detailed dispositions of all the issues involved, and as to alleged liabilities asserted against Fisk,

the court exonerated him from such in many particulars, and then in paragraph 14 of the judgment the court decreed: "That plaintiff (Stevenson) take nothing by way of personal judgment for a sum of money as against G. Fisk."

The judgment likewise absolved Frances Fisk from any money liability to Stevenson.

The plaintiffs' appeal from that judgment was affirmed in this court. 65 S.W. 2d 507. Since the record in that case was presented in this court without a statement of facts, presumably no findings of fact were contested or unacceptable.

The particular issues, as they relate to the Fisks, and any alleged unpaid stock subscriptions have evidently long since been adjudicated. If they were not so adjudicated in cause 1175, they should have been, and by the exercise of reasonable diligence could have been so disposed of. Nichols v. Dibrell, 61 Tex. 539, 541; Rothschild Bros. Hat Co. v. Lotief, Tex. Civ.App., 3 S.W.2d 497; 26 Tex.Jur. p. 11, et seq.; 28 C.J. § 624; 38 C.J.S., Garnishment, § 293.

█ In the first authority cited the applicable rule of law is stated thus:

"It is well settled that the decision of a court of competent jurisdiction is conclusive, not only as to the subject matter determined, but as to every other matter which the parties might have litigated in the case and which they might have had decided. Danaher v. Prentiss, 22 Wis. [311], 316; Bates v. Spooner, 45 Ind. [489], 493; Le Guen v. Gouerneur, [1 Johns.Cas. 436, 1 Am.Dec. 121]; Shettlesworth v. Hughey, 9 Rich. [Law, S.C.], 387. Or, as differently expressed, 'the plea of res judicata applies not only to points upon which the court was actually required to pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, by exercising reasonable diligence, might have brought forward at the time.' City of Aurora v. West, 7 Wall. [82], 106 [19 L. Ed. 42]."

For the reasons assigned the appellee's motion for rehearing is overruled.