## STEVENSON v. FISK.

### No. 11210.

Circuit Court of Appeals, Fifth Circuit.

Dec. 7, 1945.

John Sayles and J. McAllister Stevenson, both of Abilene, Tex., for appellant.

W. E. Lessing, of Abilene, Tex., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

J. McAllister Stevenson seeks by petition to have Frances Fisk declared a bankrupt and to establish a claim against her provable in bankruptcy. After charging the required allegations to meet the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., the petition further alleges: "Judgment recovered December 18, 1935, against Record Publishing Company, a corporation, in the amount of $5,680.61, for the payment of which G. Fisk, the late husband of respondent, Frances Fisk, became personally liable by reason of non-payment of a greater amount due said corporation for subscription to its capital stock when, on September 13th, 1939, return was made upon execution issued under said judgment showing no property of said corporation to be found subject to execution, and for the payment of which respondent, Frances Fisk, became personally liable when, after the death of said G. Fisk, on December 29th 1940, and prior to January 16th, 1941, she the said respondent, assumed the payment of all debts of the community estate of herself and her deceased husband."

Over one year after the filing of the petition, and motion to dismiss, the court passed upon and entered a decree, of which the important part for decision here is: "On this the 18 day of October, 1944, came on to be heard the motion of respondent, Frances Fisk, praying that this cause be dismissed for failure to show any debt due by this respondent to the petitioner, J. McAllister Stevenson, provable in bankruptcy, and the Court having heard said motion and the evidence thereon, is of the opinion that the same is well taken and should be sustained. * * *"

No objection or exception is shown to the taking of evidence in support of the motion and no evidence is set out in the record. We are, therefore, authorized to indulge the presumption that such evidence was in support of the judgment to dismiss and is in all respects correct. Locals Nos. 1470, 1469, and No. 1512 of International Longshoremen's Association v. Southern Pac. Co., 5 Cir., 131 F.2d 605. Furthermore, it appears that the plaintiff has wholly failed to comply with Rule 75(d), 28 U.S.C.A. following Section 723c.

The brief of appellant shows that the judgment here under consideration and which was the subject of Stevenson's petition, was finally held to be erroneous and of no effect by the Court of Appeals of Texas. That court reversed and rendered the judgment which petitioner had obtained and directed a verdict to be entered for Frances Fisk, and the Supreme Court thereafter denied application for certiorari. Fisk v. Stevenson, Tex.Civ.App., 179 S.W. 2d 432.

It becomes manifest that the reversal of this case would work no benefit to the plaintiff.

Affirmed.