FERNANDO SIERRA BERDECÍA, SECRETARY OF LABOR, ETC., Plaintiff and Appellant, *v.* JORGE BIRD, JR., Defendant and Appellee.

No. 10920. Argued July 20, 1953.—Decided April 19, 1955.

162

*Joaquín Gallart Mendía* and *Guillermo Estrella Frasqueri* for appellant.   *Antonio J. Matta* for appellee.

PER CURIAM.

Fernando Sierra Berdecía, Commissioner of Labor (now Secretary of Labor) [1] filed a claim for wages on behalf and

---

[1] See the Constitution of the Commonwealth of Puerto Rico, Article IV, § 6, 1 L.P.R.A., p. 195.

for the benefit of Flor Morales in the former District Court of Puerto Rico, Humacao Section, against Jorge Bird, Jr., pursuant to the provisions of Act No. 10 of November 14, 1917 (Vol. II, p. 216). He alleged, in brief, that Flor Morales was working regularly for the respondent under a verbal contract, as operator of a bulldozer in a business engaged in the manufacture, extraction, sale and distribution of lime which said respondent operates in the jurisdiction of Fajardo, from November 22, 1948, until January 3, 1952, a total of 3,138 ¾ regular hours and 127 extra hours; that the aforesaid respondent paid him at the rate of $0.75 per hour for regular time and at the double rate of $1.50 for overtime, when pursuant to Mandatory Decree No. 15 of the Minimum Wage Board, the respondent should have paid him $1.00 as the regular hourly rate and $2.00 per hour for overtime. He prays for judgment sustaining the complaint and ordering the defendant to pay him the sum of $840.03 and an equal sum as additional penalty.[2]

Respondent merely filed a motion to dismiss for lack of facts constituting a cause of action.[3] Respondent's motion was set for hearing at which both parties introduced oral and documentary evidence. The court subsequently rendered an "Order and Judgment" dismissing the complaint. The crux of this decision was "that the limestone quarry is not a business or industry apart or different from the process of transformation of the limestone into products of another nature . . . It is not the case . . . of 'the quarrying industry' separate and independent, as defined in Mandatory Decree No. 15. But, even departing from our former con-

---

[2] See § 25 of Act No. 8 of April 5, 1941 (p. 302) as amended by Act No. 451 of May 14, 1947 (pp. 950, 968).

[3] In view of the fact that the respondent did not file his answer on time, the petitioner asked that judgment be rendered in his favor pursuant to paragraph 2 of § 3 of Act of 1917, *supra*, as amended by Act No. 182 of May 12, 1948 (p. 470). Petitioner's motion was dismissed by the trial court by decision of September 2, 1952. The present proceeding, however, does not involve any question connected with said decision.

clusion, an examination of Decree No. 15 plainly reveals its non-applicability to respondent's industry or business. It clearly appears from the language of said Decree that its intention was to cover only the stone quarrying industry, so common in Puerto Rico. It is in those quarries that 'stone, gravel, "tosca" and quarry dust' are extracted, transported, crushed, or delivered. That is the sole business and aim of the quarry-stone exploiter. The extraction, transportation, crushing and delivery of stone, gravel, 'tosca' and quarry dust constitute the whole industry or business in contra-distinction from the lime industry where, as we have already repeated, the working of the quarry is but the initial step in the process of elaboration of the different products derived from the lime in its natural state. . . ." The complainant appealed. He now alleges that the lower court erred:

"1. . . . in requiring the introduction of evidence to determine the merits of respondent's motion to dismiss instead of deciding the same on the pleadings of the complaint.

"2. . . . in dismissing the complaint and holding that the same lacked merit under the theory that the respondent's business is not covered by Mandatory Decree No. 15.

"3. . . . in refusing to admit in evidence a communication dated February 14, 1951, . . . addressed to Mr. Agustín López Parrilla, as Vice President of the Lime Industry Union, Fraternidad Sur 441, Barrio Obrero, Fajardo, Puerto Rico, by Mr. Russel Sturgis, in his capacity as Territorial Director for Puerto Rico of the Hours and Wages Division of the Department of Labor of the United States.

"4. . . . in admitting the testimony of Mr. Cándido Oliveras, former president of the Minimum Wage Board of Puerto Rico, as to what he believed had been the intention of the Board in approving Mandatory Decree No. 15."

In discussing the first error, the complaint cites several cases decided at a time when the Code of Civil Procedure was applicable to ordinary civil actions and when the question of lack of facts in a complaint was raised by demurrer. At that time, the sufficiency of that averment

was solely determined on the basis of the facts alleged therein and it was not permissible for either of the parties to introduce evidence in order to support the sufficiency or insufficiency of the complaint. However, at present the situation is different. By express provision of § 2 of Act No. 150 of May, 1950 (pp. 406, 410), amending Act No. 10 of 1917, "in all cases prosecuted under this Act (No. 10 of 1917) the Rules of Civil Procedure shall be applied insofar as they are not in conflict with the specific provisions hereof." Thus, by express provision of the statute regulating the matter, the Rules of Civil Procedure are applicable to cases of claims for wages such as the case at bar. See *Cáceres* v. *García*, 71 P.R.R. 378. By virtue of Rule 7(c) demurrers were abolished.[4] However, practically the same questions formerly raised by demurrer pursuant to § 105 of the Code of Civil Procedure may now be raised under Rule (12)(b) by a motion to dismiss. Both the motion to dismiss filed under Rule (12)(b)(6) and the demurrer for lack of facts of § 105 (6) of the Code of Civil Procedure admit as true the well-pleaded allegations of the complaint. *Walker* v. *Tax Court*, 72 P.R.R. 651; *Boulón* v. *Pérez*, 70 P.R.R. 941; *De la Cruz* v. *Government of the Capital*, 68 P.R.R. 496; *National City Bank* v. *De la Torre*, 49 P.R.R. 548. In deciding a motion to dismiss a complaint for insufficiency, the duty of the court is not to test the final merits of the claim made in the complaint but rather to consider whether in the light most favorable to plaintiff and with every intendment regarded in his favor, the complaint is sufficient to constitute a valid claim. *Boulón* v. *Pérez, supra. Cf. Hernández* v. *Caraballo*, 72 P.R.R. 628. This notwithstanding, while, as already stated, a demurrer for insufficiency should be decided solely on what appeared on the face of the complaint, it is different

---

[4] Of course, the demurrers are still in force in those cases where the Rules of Civil Procedure do not apply.

when a motion to dismiss for insufficiency under the afore-cited Rule 12(*b*)(6) is filed. This rule has the same scope as Rule 56 which deals with summary judgments and under either of the Rules, documentary and even oral evidence may be introduced in support of the motion. The right to introduce documentary or oral evidence may be exercised by either the plaintiff or the moving party. *Onna* v. *The Texas Co.*, 64 P.R.R. 497; *Ramos* v. *People*, 67 P.R.R. 600, 605; *Cámara de Comerciantes* v. *Osorio*, 68 P.R.R. 616, 619; *Bithorn* v. *Santana*, 68 P.R.R. 281; *Hettinger & Co.* v. *District Court*, 69 P.R.R. 128; *Commercial Casualty Ins.* v. *District Court*, 71 P.R.R. 841; 2 Moore's *Federal Practice*, 24 ed., p. 2247, § 12.09; *Locals No. 1470* v. *Southern Pac. Co.*, 131 F. 2d 605. On the other hand, pursuant to Rule 43(*e*) of the Rules of Civil Procedure "when a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions." See 5 Moore's *op. cit.*, p. 1354, § 43.13. We conclude, therefore, that the trial court did not err in hearing evidence in connection with the motion to dismiss.

■ However, we believe that the trial court committed the second error assigned. It appears from the complaint that Flor Morales, the laborer, worked for the respondent as a bulldozer operator in a business devoted "to the manufacture, extraction, sale and distribution of lime." Although the word "quarry" or the phrase "quarrying industry" are not specifically used in the complaint, however, it specifically mentions Mandatory Decree No. 15, applicable to workers in the quarrying industry in Puerto Rico. Furthermore, by the evidence introduced by both parties it clearly appears that the main issue in the case was whether petitioner worked for the respondent in a quarrying industry.

Mandatory Decree No. 15 of the Minimum Wage Board, of October 22, 1948, which took effect thirty days after its enactment, provides that *"the quarrying industry* embraces every act, process, operation, work or service which may be necessary or related to the extraction, transportation, crushing or delivery of stone, gravel, 'tosca' and quarry dust." The mandatory decrees of the Minimum Wage Board must be construed in harmony with the provisions of the Minimum Wage Act. *Lugo* v. *Marini,* 72 P.R.R. 483.

As admitted by the respondent, he is the owner of the "Planta de Cal Hicaco" which "is composed of units and machinery located at barrio Puerto Real of Fajardo." There he has "a pair of ovens, a water paint factory, a lime pulverizer and a hydrated lime plant" and "in order to obtain the products of this plant, which are hydrated lime, calcium carbonate, slaked lime and water paint powder (calcical), the raw material is extracted from a mine located on Hicaco Isle facing the Fajardo harbor. The lime is extracted from the mine in blocks which are crushed and treated . . . Of course, the lime blocks are extracted from the mine by means of dynamite and by a process similar to the one employed in the quarry. A bulldozer is also used to gather and clear the residue." [5]

On the other hand, the respondent's witness, José Antonio Berrocal, who claimed to be a chemical engineer, testified that his experience "with respect to quarries properly speaking consisted of working at the 'Hicaco' lime plant *where stone was extracted . . . Stone, the composition of which is calcium carbonate at a high degree of purity."* Asked whether *limestone was extracted there,* he answered, *"Yes, sir."* (Italics ours.) Considering former admissions of the respondent, Berrocal's testimony, and the rest of the

---

[5] It was precisely on this bulldozer or power shovel that the claimant worked.

evidence appearing of record, we must conclude that the petitioner worked in a quarrying industry, as defined by Mandatory Decree No. 15, inasmuch as he performed an act, process, operation, work or service necessary and related to the extraction, transportation, crushing or delivery of limestone.

■ The fact that the respondent's main business is the working of a plant to manufacture paint in no way means that the work performed in Cayo Hicaco to obtain the raw material does not constitute a "quarrying industry" for the purpose of Mandatory Decree No. 15, irrespective of the industry or main business primarily carried on by the respondent. There may be a subsidiary or incidental industry within a main industry. For example, in the cement manufacturing industry, the working of a quarry, as is the case here, may be a subsidiary or incidental industry. Perhaps, the same thing occurs in the sugar or in the dairy industry, where the agricultural phase may be a subsidiary industry. See *Commissioner of Labor* v. *San Miguel Fertilizer Corp.*, 73 P.R.R. 327; *Commissioner of Labor* v. *Llamas*, 73 P.R.R. 847; *Phillips Co.* v. *Walling*, 324 U. S. 490. That is the case here with the quarry worked by the respondent in Hicaco Isle. A mandatory decree may also be applicable to one phase of the business or industry and inapplicable to the rest. The motion to dismiss for insufficiency should have been dismissed.

For the foregoing reasons and inasmuch as the case will be remanded to the Superior Court, where it originated, we deem it unnecessary to discuss and decide the other two errors assigned by appellant.

The "order and judgment" appealed from must be reversed and the case remanded to the Superior Court, Humacao Part, for further proceedings consistent with this opinion.

Mr. Justice Sifre did not participate herein.